TITSWORTH v. TITSWORTH.

No. 34480.   April 29, 1952.

*244 P. 2d 295.*

M. C. Spradling, Tulsa, for plaintiff in error.

John T. Harley, Raymond B. Thomas, and Charles C. Liebler, Tulsa, for defendant in error.

PER CURIAM. This is an action brought by Ruby Titsworth, as plaintiff, against James Clarence Titsworth, defendant, for divorce, custody of children, child support, division of property, alimony and other relief. On the 3rd day of February, 1947, the court rendered a decree in the case. Thereafter, and on August 17, 1949, the plaintiff filed an amended application to interpret the decree previously entered, and pursuant to hearing had on such application, the court on August 29, 1949, made an order interpreting its original decree. From the last mentioned order the defendant appeals. The parties will be referred to herein as they appeared in the trial court.

The facts in the case are briefly as follows: On November 22, 1946, the plaintiff filed her petition in the district court of Tulsa county against the defendant, wherein she prayed for a divorce and for other relief. To this petition the defendant filed an answer of general denial. On the issues as thus made, the court, on February 3, 1947, rendered its decree, the material portions of which are as follows:

"The court further finds * * * that, in addition thereto, the defendant be required to make the mortgage payments upon the house occupied by the plaintiff * * *."

"It is further ordered that * * * the defendant further pay the mortgage payments on the house located at 1406 West Archer Street, Tulsa, Oklahoma, occupied by the plaintiff."

Thereafter, and on the 16th day of July, 1949, the plaintiff filed an application in said cause, the material portion of which is as follows:

"Plaintiff further alleges that no where in the original decree or in the order modifying said decree was there any disposition of the jointly acquired property of the parties. That at that time the parties hereto *was* the *owner* of the following described real property, to-wit:

"Lots Five (5) and Six (6), Block Six (6) Overlook Par*t*, an addition to the City of Tulsa, County of Tulsa, State of Oklahoma, according to the recorded plat thereof.

"That in addition to the real estate, said parties owned one complete set of household furniture and equipment, and certain insurance policies on the minor children of the parties.

"Plaintiff further alleges that the question of alimony has never been adjudicated. That plaintiff married defendant on or about October 6th, 1930 and lived with him for a period of 17 years. That she does not have a trade; and has an extremely difficult time making a living.

"Wherefore, plaintiff prays the court to render a full and complete judgment in said cause of action, awarding plaintiff her fair and equitable *por*portion of the jointly acquired property, together with an award for alimony, and all other necessary and proper relief to which she may be entitled both at law and in equity including suit money in this case."

To this application a demurrer was filed by the defendant which was sustained by the court. Thereafter, and on the 17th day of August, 1949, the said plaintiff filed in said cause her amended application, the material portion of which is as follows:

"That heretofore on the 3rd day of February, 1947 the court herein rendered a judgment in the above entitled cause of action. That said judgment was not appealed from, and has therefore become final. That in said judgment, certain parts thereof are not clear in their meaning.

"That said judgment has been modified to some extent in regards to the custody, care and control of the minor children of the parties hereto and as to child support.

"Plaintiff further alleges that due to the possible different interpretations of said judgment in regards to Alimony and property, a disagreement between the parties hereto have arisen: Plaintiff therefore alleges that she is entitled to have a judicial interpretation of the judgment heretofore rendered; and to have all property awarded to her set over to her free and clear; and that the defendant be decreed to have no right, title or interest therein. And that plaintiff is further entitled to have the former decree modified permitting her to take one of the minors James Phillips Titsworth to California with her and to adjust the child support quester thereof.

"Wherefore, plaintiff prays the court to judicially interpretation of said judgment and to award her free and clear of the defendant all of the property which the court finds, under its interpretation, belongs to her.

"Plaintiff further asks the court to modify the decree heretofore entered, permitting her to take James Phillip Titlsworth to California with her and to provide for and adjust the former award of child support, together with all other necessary and proper relief to which she may be entitled."

On August 29, 1949, a hearing was had on the amended application at which hearing certain evidence was introduced. At the conclusion of the hearing the court made its order, the material portions of which are as follows:

"The Court not being ready to announce a decision or judgment on the matter of interpretation of said judgment of February 3, 1947, takes such matter under advisement until September 23, 1949.

"Now on this September 23, 1949, the above matter comes on for judgment on the matter of the interpretation of the decree of February 3, 1947, and though no evidence was introduced to show any agreement between the plaintiff and defendant prior to said decree as to how Lots Five (5) and Six (6), Overlook Addition to the City of Tulsa, Oklahoma, according to the recorded plat thereof, were to be divided and there was no minutes other than the decree itself, and the Court has no independent recollection thereof, and the Court is of the opinion and so finds that it was the intention of said decree to permit the plaintiff to have possession of the foregoing real estate, same being the home of the parties hereto, until the youngest child, Robert Dean Titsworth, who was of the age of 2 years at the time of the entry of said decree, reached his majority, and to pay all taxes of whatsoever kind, due or to become due, against the foregoing real estate, and to keep the improvements thereon in a good state of repair at her own expense until such time, and that the defendant was to pay the mortgage indebtedness against said real estate, and that said real estate at such time should belong to the parties hereto in equal shares though the title thereto has at all times been in the defendant.

"It is therefore ordered, and the Court so interprets its decree of February 3, 1947, as regards the foregoing real estate, that the plaintiff was to have the possession thereof or the income therefrom, as the case might be, during the minority of Robert Dean Titsworth, pay all taxes which might be assessed and levied against the same, and keep the improvements on said real estate in a good state of repair at her own cost during such time, and the defendant was to pay the mortgage indebtedness against the same, and that such property thereafter should be owned in equal share by the parties hereto."

The defendant excepted to the last order, and after motion for new trial was overruled, perfected this appeal.

For a reversal of the order construing the decree, the defendant relies on four propositions which may, for the purpose of this opinion, be summarized and stated as follows:

(1) Where a divorce decree makes no disposition of jointly acquired property, the court is without jurisdiction after the expiration of the term to enter a different decree.

(2) A divorce decree is res judicata on questions of alimony and division of

property, except in cases of actual fraud.

(3) That in construing a judgment, a court is limited in its jurisdiction to giving effect to such matters which are already included in the judgment, and may not change the substantive provisions of the judgment.

The plaintiff contends, in answer to the propositions urged by the defendant, that the court had jurisdiction to construe and to clarify its own judgment and that the interpretation of the decree by the court was reasonable and within the court's jurisdiction.

The first question to determine is just what was decided in the original decree of February 3, 1947. When the court said, "and that the defendant further pay the mortgage payments on the house located at 1406 West Archer Street, Tulsa, Oklahoma, occupied by the plaintiff," what did it mean? Just how far may the court go in construing this provision of the decree?

Title 12 O. S. 1941 §1279 provides as follows:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party."

It further appears from the evidence that the title to the real estate in question was in the defendant, that said property was acquired by the parties during marriage, and that it constituted their homestead. In the case of Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907, this court said in the syllabus:

"In a divorce proceeding it is competent for the court, in the decree, to set aside the homestead to either party; but where the same makes no disposition thereof, the homestead remains to the husband, as the head of the family, discharged of all homestead rights or claims of the other party."

In the case of Harden v. Harden, 182 Okla. 364, 77 P. 2d 721, this court said:

"The plaintiff in an effort to obtain a division of the land has raised the question of the homestead character of the land or some portion thereof. We find no controlling force in this contention. In a divorce proceeding the homestead may be treated as any other property, and might be set aside to the wife or left with the husband. If the title is in the husband and no disposition is made thereof, it remains the property of the husband, Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907, 138 Am. St. Rep. 795, and if the court deals fairly with the wife by an alimony decree of money or property, taking into consideration the value of the homestead and other property, then the wife has no just grounds for complaint based merely on the contention that the homestead was not divided between the parties or decreed to her."

With respect to the jurisdiction of the court to construe its decree, we think that the rule is well stated in the case of Butler v. Denton, 150 F. 2d 687, as follows:

"The purpose and function of construing doubtful provisions in a judgment is to give effect to that which is already latently in the judgment, but a court has no warrant to add new provisions, substantive or otherwise, which were omitted or withheld in the first instance."

In the case of Finley v. Finley, 174 Okla. 457, 50 P. 2d 643, this court said:

"Not only in Oklahoma, but in virtually all of our sister states, a decree of divorce is deemed an adjudication between the divorced parties of all property rights or questions connected with the marriage relation * * *."

"More as illustrative of the conclusive finality of divorce decrees concerning the property rights of the parties, than for any reason connected with the present case, the case of Privett v. Privett, 93 Okla. 171, 220 P. 348, is helpful. It was held that an order making equitable division of property between a husband and wife in a divorce case in which a divorce was denied,

is final as between the parties, and precludes the court from making other dispositions in a subsequent action between the same parties."

It is evident from an examination of the decree rendered by the court on February 3, 1947, that no disposition of the ownership or title to the homestead was made therein. We are not concerned with the question of whether or not such disposition should have been made, and are not concerned now with the fairness or unfairness of the decree. Fair or unfair, the decree became final at the expiration of the term during which it was rendered in the absence of fraud by the successful party, a question which is not here involved. We believe that it is evident from an examination of the decree that the court did consider and pass upon matters pertaining to the occupancy of the property, the duration of such occupancy, and the conditions under which it was to continue, although the court's decree was ambiguous in this respect. However, we find nothing in the decree from which it could be determined that the court considered or passed upon any question pertaining to the ownership of or the title to the property. Insofar as the decree discloses in some manner what issues and questions were acted upon by the court therein, it is subject to interpretation and construction. The matter of occupancy, appearing to have been considered and acted upon by the court in a manner giving room for doubt as to the court's meaning, could thereafter be construed and clarified by the court on proper application. However, there being nothing in the decree itself to indicate that the court considered or passed upon any question relating to the ownership or title to the property, these issues could not properly be considered or acted upon by the court on an application to construe the decree.

It should be kept in mind that this was not a proceeding to correct a judgment by order nunc pro tunc. It is not contended that the judgment actually rendered by the court was different from that entered on the journal. The case involves only the question of the construction of a decree.

It is our conclusion, therefore, that the order of August 29, 1949, insofar as it pertains to the occupancy of the property by the plaintiff, and the conditions and duration of such occupancy, should be affirmed, but that insofar as the order relates to the ownership and title of the property, that it should be reversed.

The order of August 29, 1949, insofar as it relates to the occupancy of the property in question, be, and it is affirmed, and insofar as it relates to the ownership or title of such property, it be and is reversed.

This court acknowledges the services of Attorneys E. Blumhagen, Ted R. Fisher, and Clyde E. Robinson, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V.C.J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, concur.