Berta ASHER, formerly Whiteker, Plaintiff in Error,

v.

JAYHAWK BUILDING CORPORATION, Defendant in Error.

No. 40108.

Supreme Court of Oklahoma.

June 18, 1963.

Loeffler & 'Allen, Sapulpa, for plaintiff in error.

Max G. Cohen, Tulsa, for defendant in error.

PER CURIAM.

This action was brought by Jayhawk Building Corporation against Owl Drug, Inc., a corporation, Charles Griffard, Receiver of Owl Drug, Inc., and Berta Whiteker, who is now Berta Asher, to recover certain rentals allegedly due under a lease contract dated August 1, 1956, for a period of five years at $500.00 per month on a certain building located in Tulsa, Oklahoma. Said building was to be used by Owl Drug, Inc., for the sole and only purpose of maintaining and conducting therein a drugstore business. The monthly rental payments were paid in advance until November, 1957, when Owl Drug, Inc., defaulted in the payment of the rental and also defaulted for the months of December, 1957, and January, 1958.

On January 2nd, attorney for the plaintiff wrote a letter to Owl Drug, Inc., Jack. Whiteker and Berta Whiteker and demanded payment of $1500.00, the rent due for the three above months. Owl Drug, Inc., went into receivership February 5, 1958, and the receiver took possession of the Owl Drug Store in the leased premises. The receiver paid the rentals from February 5, 1958, to an early date in April, 1958. Plaintiff was informed that the assets of Owl Drug, Inc., were to be sold by the receiver and that the leased premises would be abandoned and that Owl Drug, Inc., had become a defunct corporation incapable of performing or carrying out any of its contractual obligations. Attorney for plaintiff on

March 27, 1958, wrote the following letter to the defendants:

"Owl, Inc.,
"c/o Mr. John Wheeler, Attorney
"First National Building
"Tulsa, Oklahoma

"Mr. Jack Whiteker
"c/o Mr. John Wheeler, Attorney
"First National Building
"Tulsa, Oklahoma

"Mrs. Berta Whiteker
"404 East 6th Street
"Bristow, Oklahoma

"Dear Sirs and Madam:

"You have defaulted in the terms and provisions of the storeroom lease dated August 1, 1956, between you and Jayhawk Building Corporation on the premises known as 200 South Boston Avenue and 208 South Boston Avenue, Tulsa, Oklahoma.

"You have failed to respond to the demand for payment of rentals that are in arrears and according to your attitude in this matter you have abandoned the premises.

"You are hereby notified that Jayhawk Building Corporation will take possession to preserve the premises and sublet or sublease the premises at the best terms obtainable and the rentals will be credited to the sums that may be due from you to Jayhawk Building Corporation under the terms of the agreement of lease.

"Very truly yours

"Max G. Cohen
"MGC:mr"

No response was received from any of the three defendants to the letter of January 2, 1958, or the letter of March 27, 1958. In the lease contract it is provided:

"* * * Lessor shall have the right to declare the entire unmatured and unpaid balance of rent due and payable at once and to enforce payment thereof; and Lessor shall have the right to lease or rent said premises to other parties for such sums and upon such terms and conditions as Lessor may deem reasonable or adequate and rents received thereunder shall be credited to any sums that may be due from Lessee to Lessor under the terms of this agreement. * * *"

On April 1, 1958, the plaintiff leased the building and premises to W. M. Hadaway for a period of five years for $400.00 per month.

In the petition of the plaintiff it is alleged in part:

"* * * Under the terms and provisions of said lease defendants were obligated and bound to pay plaintiff a rental of Five Hundred Dollars ($500.00) for each calendar month of the period of said lease commencing August 1, 1956, and ending July 31, 1961. Defendant occupied said premises from August 1, 1956, to and including the month of April, 1958. Defendants are indebted to plaintiff on account for rentals and electricity furnished for and during the period commencing December 1, 1956, to and and including the month of April, 1958, in the sum of Two Thousand Five Hundred Fifty and 14/100 Dollars ($2,550.-14), all as detailed and itemized in the statement of account hereto attached and marked Exhibit 'B' and made a part of this petition in all of its particulars to the same extent and effect as if the original record of account was herein contained."

The answer of the defendant, Berta Asher, was a general denial, no consideration moving from the plaintiff to her for the execution of said lease; the principal of said lease, Owl Drug, Inc., was released and discharged and this defendant as surety was likewise discharged and the plaintiff terminated the lease prior to April 1, 1958, by leasing it for a period of five years to W. M. Hadaway. The defendant also filed a cross-petition against the plaintiff and the defendants, Owl Drug, Inc., and Charles

**36**

Griffard, Receiver of Owl Drug, Inc., for the following relief:

"WHEREFORE, premises considered this defendant prays for a decree of this Court against the plaintiff enjoining its action against her and requiring plaintiff to proceed against the other parties defendant and that she have judgment against the defendant, Owl Drug, Inc., and its Receiver of exoneration of any liability in the premises, and for reasonable attorneys' fees in such amount as the Court shall determine. This defendant further prays for such further relief as she may be entitled in law or equity, and for her costs herein expended."

Jack Whiteker died before this action was filed without leaving any estate. Owl Drug, Inc., defaulted.

The action was tried to the court and at the close of the evidence the court rendered judgment for the plaintiff against the defendant, Owl Drug, Inc., and Berta Asher for $6,150.43 and costs. On cross-petition of defendant the trial court rendered judgment for the defendant Berta Asher against Owl Drug, Inc., for $6,150.43 with costs.

Charles Griffard, Receiver of Owl Drug, Inc., demurred to the evidence and the court sustained the demurrer. This appeal is by Berta Whiteker, now Asher, against Jayhawk Building Corporation. The assignments of error are:

"1. The Trial Court erred in not sustaining the Motion for judgment upon the opening statement of counsel for Defendant in Error by Asher.

"2. The Trial Court erred in not sustaining the Demurrer to the evidence of Plaintiff in the Trial Court by Asher.

"3. The Trial Court erred in rendering judgment for Defendant in Error."

The first assignment of error is predicated upon the opening statement of the attorney for plaintiff, to-wit:

"The receiver surrendered possession after he had served his purpose and the plaintiff, Jayhawk Building Corporation, through its president, negotiated a new lease for the purpose, of course, of holding down the loss and under the terms of the lease agreement he had the right in the event that they failed to carry out the terms of the contract and if they abandoned—or, surrendered possession, take possession and lease it to some one else at the best terms obtainable, which he did. * * *"

■ Considering the provisions of the lease and the two letters, supra, written by plaintiff's attorney to the defendants, we hold the trial court did not err in overruling the motion of the defendant for judgment upon the opening statement of the attorney for plaintiff.

The defendant admits in her brief she owes the plaintiff $1,500.00 for rent for three months, November and December, 1957, and for January 1958, but contends that Jayhawk Building Corporation elected to terminate its lease with Owl Drug, Inc., on April 1, 1958, and at that time entered into a new lease with W. M. Hadaway.

We are unable to find any proof in the record that there was a termination or release of the written lease agreement between plaintiff and defendants. The court found there was due and owing plaintiff the sum of $2,250.43. This consisted of the accrued unpaid rents and the accrued unpaid cost of electricity furnished to the leased premises. This indebtedness was proved and established by the testimony of Fred Raus, manager of Jayhawk Building Corporation, and the books and records of rental payments and the sums due which were introduced in evidence. No testimony or evidence was introduced by defendants refuting this proof.

The court also found that plaintiff, for the best lease obtainable, leased the premises at the rent of $400.00 per month for the unexpired part of the term of the lease, and that the plaintiff was entitled to judgment for $3,900.00, representing $100.00 per month for 39 months, the unexpired balance of the term of the lease.

In Roberts et al. v. Wright et al., Okl., 294 P.2d 828, the well known rule is stated:

"In a case of legal cognizance, tried to the court without a jury, the finding of the court will be given the same weight as the verdict of the jury; and where there is competent evidence reasonably supporting the judgment and no error of law is shown, the judgment will not be disturbed on appeal."

We find the judgment of the trial court is amply supported by the evidence and no error of law is shown.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.