[Civ. No. 17031. Third Dist. Jan. 23, 1978.]

JEROME R. LEWIS, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent,;
VIRGINIA A. SULLIVAN, Real Party in Interest.

## COUNSEL

Bolling, Pothoven, Walter & Gawthrop, Theodore D. Bolling, Jr., and Craig E. Farmer for Petitioner.

No appearance for Respondent.

Russell, Jarvis, Estabrook & Dashiell, Laurence B. Dashiell and Freidberg & Mart for Real Party in Interest.

## OPINION

**REYNOSO, J.**—Petitioner Jerome R. Lewis, an attorney, is a defendant in a legal malpractice suit brought against him by real party in interest Virginia A. Sullivan. For convenience and consistency we shall refer to the parties as defendant and plaintiff respectively.[1]

Defendant seeks a writ of mandate after the Sacramento Superior Court denied his motion for summary judgment. ██ He contends that as a matter of law plaintiff cannot establish damages as the result of his failure to claim her husband's military pension as community property in her dissolution action. Defendant asserts that since the pension was not divided as a community asset and not set aside as separate property of the husband, plaintiff is a tenant in common as to that asset and can belatedly assert her interest against her former husband. We agree with defendant's analysis of the law, but hold that this does not establish his right to summary judgment. We thus deny the petition.

[1]For further review of defendant's troubles arising over his handling of dissolution actions during the period in which this case arose, see *Smith* v. *Lewis* (1975) 13 Cal.3d 349 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231].

In November 1968, plaintiff retained defendant to represent her in a divorce action against her then husband. A complaint for divorce was filed on December 2, 1968. The complaint listed certain property as community. Mr. Sullivan filed an appearance, stipulation, and waiver of further notice, and his default was entered.

On February 27, 1969, an amended interlocutory decree of divorce was entered incorporating a marital settlement agreement entered into by the parties. The final decree of divorce was entered January 19, 1970, and incorporated all the provisions of the amended interlocutory decree.

Mr. Sullivan's Air Force retirement benefits were not listed as community property or separate property in the pleadings, decrees or settlement agreement of the parties.

Plaintiff filed a complaint stating four causes of action. Essentially, she alleged that due to defendant's failure to claim such benefits as community property, she was damaged in the amount of $200,000. In addition, she seeks punitive damages in the amount of $400,000.

I

Defendant contends that plaintiff may assert an interest in her husband's Air Force retirement benefits as a tenant in common, in a separate action brought after the final judgment of divorce, and thus she has suffered no damages.

We review several Supreme Court cases from *Brown* v. *Brown* (1915) 170 Cal. 1 [147 P. 1168], to *Estate of Williams* (1950) 36 Cal.2d 289 [223 P.2d 248, 22 A.L.R.2d 716], and one court of appeal decision. The teaching of those cases is that a decree of divorce which does not adjudicate or dispose of property interests does not bar a subsequent suit. On the other hand, a decree which does adjudicate property rights and makes a division is final as to the property which is actually divided.

*Brown* v. *Brown, supra,* 170 Cal. 1, involved a default judgment of divorce. The complaint in the divorce alleged "there is no community property," and the interlocutory judgment found the allegations of the complaint to be true. (*Id.* at pp. 4-5.) The court reasoned that a default judgment is a complete adjudication of all facts well pleaded in the complaint, and thus the interlocutory judgment adjudged that there was no community property at the time the complaint was filed. (*Id.,* at

pp. 5-6.) The wife sought to assert an interest in property acquired by the husband after the interlocutory judgment but before the final judgment. The court allowed her to do this in a separate action, holding that the after-acquired property was not included in the complaint, no issue had been tendered as to that property, and the litigation was final only to that which had been included in the pleadings. (*Id.* at p. 7.) In a companion appeal the wife was not allowed to assert an interest in property held at the time of the interlocutory judgment, since the title to that property was adjudicated in the statement that no community property existed. (See *Brown* v. *Brown, supra,* 170 Cal. at pp. 8, 9.)

In 1919 the California Supreme Court stated that if a divorce is granted without any disposition of the community property, the former wife becomes owner of one-half of the community property as a tenant in common with the former husband. (*Estate of Brix* (1919) 181 Cal. 667, 676 [186 P. 135].)

The major case relied upon by plaintiff in contesting defendant's petition is *Metropolitan Life Ins. Co.* v. *Welch* (1927) 202 Cal. 312 [260 P. 545]. In that case the default divorce decree awarded the wife the household furniture as community property, as well as " 'all of the community property of plaintiff and defendant.' " (*Id.* at p. 314.) The complaint had listed the furniture as the community property of the marriage and had sought the award of such community property. (*Id.* at p. 314.) The Supreme Court held that the portion of the judgment awarding "all of the community property" was void, being in excess of the relief sought in the complaint. (*Id.* at p. 315.) Relying on *Brown* v. *Brown, supra,* 170 Cal. 1, the court further held that the decree operated as an adjudication that at the time of the complaint there was no community property other than that listed. (*Id.* at p. 317.) The wife therefore could not assert an interest in an insurance policy insuring husband's life in a subsequent suit, since the divorce decree settled the husband's ownership of the policy. (*Id.* at p. 317.) The court restated the rule of *Brix, supra,* 181 Cal. 667, that where the decree makes no disposition a subsequent suit is appropriate to establish a wife's interest. (*Id.* at p. 318.)

Five years later in *Tarien* v. *Katz* (1932) 216 Cal. 554 [15 P.2d 493, 85 A.L.R. 334], the Supreme Court ruled that where a decree finds that there is community property but does not dispose of the property, the parties remain tenants in common and a subsequent suit is available to secure rights thereto. (*Id.* at p. 559.)

In 1936 the Court of Appeal held that when a final decree of divorce did not adjudicate the rights of the parties to a certificate of insurance and did not attempt to dispose of the certificate, the parties remained tenants in common and a subsequent suit was available to the parties. (*McBride* v. *McBride* (1936) 11 Cal.App.2d 521, 523 [54 P.2d 480].) The court did not state whether the divorce decree had divided or disposed of any other community property. (*Id.* at p. 523.)

The question was again before the Supreme Court in *Estate of Williams* (1950) 36 Cal.2d 289 [223 P.2d 248, 22 A.L.R.2d 716]. That case involved a default judgment without division of any property on a complaint alleging that there was no community property. (*Id.* at p. 291.) The court ruled that a determination of the property rights is proper but not essential to a divorce action, and if it does not appear that property rights were determined in a divorce action they are not deemed to have been adjudicated and may be subject to an independent action. (*Id.* at pp. 292-293.) The court noted the provisions of Code of Civil Procedure section 1911: "That only is deemed to have been adjudged in a former judgment which appears on its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." (*Id.* at p. 292.)

The cases we have reviewed do not clarify what result follows when the court considers a portion of the community property which it divides, but does not determine rights to other property. However, more recent cases indicate there when the court divides some community property but fails to consider other property, the property not considered is subject to a subsequent suit and the parties remain tenants in common as to that property.

*In re Marriage of Karlin* (1972) 24 Cal.App.3d 25 [101 Cal.Rptr. 240], involved an appeal from a dissolution decree dividing the community property, which failed to divide certain property. The court stated that the property not divided may be litigated in further proceedings. (*Id.* at p. 34.) This was dictum, however, since the court was modifying the dissolution decree to include a division of the property left unadjudicated. (*Ibid.*)

Shortly thereafter, *In re Marriage of Elkins* (1972) 28 Cal.App.3d 899 [105 Cal.Rptr. 59] was decided. It involved an oral agreement, undisclosed to the trial court, dividing certain property. (*Id.* at p. 903.) The court ruled such agreements contrary to public policy and stated that the

agreement creates no rights in either party. (*Id.* at p. 903.) The court stated: "Indeed, it has long been the rule that property which is not mentioned in the pleadings as community property is left unadjudicated by the decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile." (*Ibid.*) This again was dictum. The court held that the trial court should divide the property in the dissolution decree since the time for reopening the judgment under Code of Civil Procedure section 437c had not expired.

In a major Supreme Court community property opinion (*In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561]), the court clarified the law holding that nonvested pension rights are community property. In discussing whether to accord full retroactivity to its decision, the court stated: "Yet under settled principles of California community property law, 'property which is not mentioned in the pleadings as community property is left unadjudicated by the decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile' " (15 Cal.3d at pp. 850-851.), relying upon *Elkins, supra.* The court then allowed retroactivity only to decrees not yet final or to those in which the court retained jurisdiction to divide such rights. The statement in *Brown* was thus dictum also.

Finally, *In re Marriage of Cobb* (1977) 68 Cal.App.3d 855 [137 Cal.Rptr. 670], involved an attempt by a wife to assert an interest in her former husband's pension after the final decree of dissolution failed to provide her an interest. The wife filed an order to show cause in the dissolution action for a modification. The trial court denied modification of the division of property but did modify the spousal support award. Wife did not appeal, and the husband appealed from the order modifying spousal support. The trial court's refusal to modify the division of property was due to its determination that the original award was res judicata. The Court of Appeal stated that since neither the pleadings nor the judgment mentioned the pension, the court was without jurisdiction to consider the pension in a modification proceeding but the parties remained tenants in common and the pension was subject to future litigation to dispose of the parties' rights thereto. (*Id.* at p. 860, fn. 1.) This was dictum, since the wife did not appeal the refusal of the trial court to divide the property.

Defendant asserts that the rule thus stated in dictum is the law of California. We must determine whether this is true.

The doctrine of res judicata gives conclusive effect to a former judgment in subsequent litigation involving the same controversy. (4 Witkin, Cal. Procedure (2d ed. 1971) § 147, Judgment, p. 3292.) The doctrine has a double aspect, a prior judgment is a bar in a new action on the same cause of action, and in a new action on a different cause of action the former judgment is a collateral estoppel, being conclusive on issues actually litigated in the former action. (*Id.* at p. 3293.) The doctrine is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 811 [122 P.2d 892].) The purposes of res judicata are to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose by preventing a person from being harrassed by vexatious litigation. (*People* v. *Taylor* (1974) 12 Cal.3d 686, 695 [117 Cal.Rptr. 70, 527 P.2d 622].) In determining whether the doctrine is applicable in a particular situation a court must balance the need to limit litigation against the right to a fair adversary proceeding in which a party may fully present his case. (*Ibid.*)

The interest of a wife in community property is present, existing and equal to that of her husband. (Civ. Code, § 5105.) The court is directed, in a dissolution action, to divide the community property equally between the parties (Civ. Code, § 4800), but that division is not the inception of a wife's interest. Rather, the wife's interest arose when the property was acquired. (Civ. Code, §§ 5107, 5108, 5110.) The portion of Mr. Sullivan's retirement benefits which was earned during marriage was community property and plaintiff had a one-half interest. (*In re Marriage of Brown, supra,* 15 Cal.3d 838; *In re Marriage of Fithian* (1974) 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449].)

In the dissolution of plaintiff's marriage, the property settlement agreement incorporated in the final judgment listed certain property as community property and provided for division of that property. The agreement further provided: "We acknowledge and agree neither of us is now possessed of any separate property." It is clear that the pension was not adjudged to be separate property of the husband, and was not divided as community property. It is now plaintiff's contention that the omission divested her of her interest in the pension due to the fortuity that the pension was in her husband's name and payable to him. We disagree.

Prior to the dissolution the pension belonged to both parties. The judgment of divorce did not award wife an interest in the pension, but neither did it award the pension to the husband. Plaintiff's interest was present, existing and equal to that of her husband prior to divorce and a judgment which did not purport to affect that interest will not have the effect of terminating such interest. The purposes of res judicata should not be exalted over the policy of allowing a party a full and fair hearing on the merits of a controversy. To hold otherwise would defeat the express declaration of the Civil Code that a wife's interest is present, existing and equal to that of the husband in the community property.[2] The parties remain tenants in common to such unadjudicated property.

## II

A party to an action may move for summary judgment and the motion shall be granted if the papers submitted show that there is no triable issue of fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c.) Defendant has not attempted to argue that there is no triable issue as to the question of negligence, he argues only that plaintiff can show no loss due to her ability to recover pension payments.

Our determination above does not establish that plaintiff cannot establish the existence of damages. Thus, the summary judgment motion cannot be granted. The plaintiff's former husband may have been receiving pension payments which plaintiff may not be able to recover now. He may have made elections under the terms of the pension which would adversely affect plaintiff's interest. The former husband may be out of the jurisdiction of the state and plaintiff may thus be unable to reach the pension. In addition the husband may have defenses against a suit for a portion of the pension, based upon the agreement between the parties rather than the res judicata effect of the judgment. These issues, among others, may establish that defendant's negligence caused damage

[2]But see Kelley v. Kelley (1977) 73 Cal.App.3d 672 [141 Cal.Rptr. 33], in which Division One of the Court of Appeal, Fourth Appellate District held that although property not divided in a dissolution is subject to further suit, the husband may assert res judicata as a defense. Since the matter could have been litigated in the dissolution, it may not be litigated later. The rule of Kelley, is actually the rule against splitting a cause of action. (See Sutphin v. Speik (1940) 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497]; Avery v. Avery (1970) 10 Cal.App.3d 525, 529 [89 Cal.Rptr. 195].) We do not believe a suit to enforce an existing interest splits the cause of action. Such suits may always be necessary where one party is in control of property belonging to another. We emphasize that wife's suit would not be to establish an interest, but only to enforce an existing interest in the pension.

to plaintiff and thus raise factual issues that must be resolved at trial. We cannot order the trial court to grant summary judgment on the record before us, and thus the petition for a writ of mandate will be denied.

■ Finally, we note that defendant is not required to compensate for damages avoidable by reasonable effort. (*Green* v. *Smith* (1968) 261 Cal.App.2d 392, 396 [67 Cal.Rptr. 796].) If plaintiff, by her own action, unnecessarily enhances her loss she may not recover for such enhanced loss. (*Pretzer* v. *California Transit Co.* (1930) 211 Cal. 202, 209 [294 P. 382].) Upon trial of the matter defendant may seek to establish that plaintiff has a collectible interest in the pension, and to the extent that this is established defendant will be exonerated from liability.

The petition for a writ of mandate is denied and the order to show cause is discharged.

Friedman, Acting P. J., and Paras, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied April 13, 1978.