[Civ. No. 18307. Fourth Dist., Div. One. July 30, 1979.]

In re the Marriage of LYLA JEAN and STANLEY GENE SNYDER.
LYLA JEAN SNYDER, Appellant, v.
STANLEY GENE SNYDER, Respondent.

**COUNSEL**

Hugh O. Allen for Appellant.

Holt, Baugh & Geitner and Clyde A. Baugh for Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Lyla Jean Snyder appeals the order dismissing her complaint after the court sustained Stanley Gene Snyder's demurrer without leave to amend on the basis of res judicata, resting its decision on *Kelley* v. *Kelley* (1977) 73 Cal.App.3d 672 [141 Cal.Rptr. 33].

The couple were married in 1950, legally separated in 1972, and a final judgment of dissolution of marriage was entered on April 12, 1974, at which time Stanley's vested, matured retirement benefits went to him when they were not mentioned in the court's decree. Lyla now claims a one-half interest in those benefits. This recurring question has arisen in different factual and legal contexts. (See *Kelley* v. *Kelley, supra,* 73 Cal.App.3d 672; *Bodle* v. *Bodle* (1978) 76 Cal.App.3d 758 [143 Cal.Rptr. 115]; *Lewis* v. *Superior Court* (1978) 77 Cal.App.3d 844 [144 Cal.Rptr. 1]; *Bridges* v. *Bridges* (1978) 82 Cal.App.3d 976 [147 Cal.Rptr. 471]; *Sangiolo* v. *Sangiolo* (1978) 87 Cal.App.3d 511 [151 Cal.Rptr. 27]; and, although requested, our Supreme Court has left unresolved the perceived conflict in the decisions.) (See discussion, 3 Cal. Family Law Report, Nos. 2, 3 (Jan. 15 and 29, 1979) pp. 1014-1018.)

The conflict, however, may be more apparent than real. ■ In *Kelley,* this court said: "The applicable rule is property which is not mentioned in the pleadings as community property and which is left unadjudicated by a decree of divorce or dissolution is subject to future litigation, the parties being tenants in common meanwhile [citations]." (*Kelley* v. *Kelley, supra,* 73 Cal.App.3d at p. 676; see also *Bodle* v. *Bodle, supra,* 76 Cal.App.3d at p. 767.) ■ The application of the doctrine of res judicata cannot be made on inference or surmise (*Casad* v. *Qualls* (1977) 70 Cal.App.3d 921, 927 [139 Cal.Rptr. 243]). ■ Code of Civil Procedure section 1911 provides: "[t]hat only is deemed to have been adjudged in a former judgment which *appears upon its face to have been so adjudged,* or which was *actually and necessarily included* therein or necessary thereto." (Italics added.) Consequently, to satisfy the burden of proof to establish res judicata, a defendant may present extrinsic evidence in addition to the judgment and the entire record of the proceedings. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 41, p. 3209; §§ 198-200, pp. 3336-3339.) This is exactly what occurred in *Kelley.* After a full trial, the trial judge found that based upon ". . . the doctrines of res judicata and estoppel . . . [the wife] could not, in [a] separate action, obtain an order dividing the retirement pay asset which was in existence at the time of the dissolution action." (*Kelley* v. *Kelley, supra,* 73

Cal.App.3d at p. 676.) This court in affirming the judgment noted in the conjunctive that "[t]he judgment is res judicata *and* there is no basis for equity to interfere." (P. 678, italics added.) When, however, this court was faced with a similar question in *Sangiolo* v. *Sangiolo, supra,* 87 Cal.App.3d 511, after a demurrer was sustained without leave to amend, the application of res judicata was rejected even though the retirement benefits could have been adjudicated in the initial dissolution proceedings. We stressed the duty of the court was to divide the community property equally in the absence of a written agreement or oral stipulation to the contrary, citing *In re Marriage of Elkins* (1972) 28 Cal.App.3d 899 [105 Cal.Rptr. 59] and *Lewis* v. *Superior Court, supra,* 77 Cal.App.3d 844. (*Sangiolo* at p. 514.)

Here the parties stipulated the only community property was that listed in the respective judgments which the parties agreed was to be divided equally. There is nothing in this record to indicate, at the uncontested hearings, the court was made aware the parties intended to dispose of any property, community or separate, other than that listed in the stipulation which was incorporated into the judgment. Thus the court was precluded from performing its duty of equally dividing the community property retirement benefits. "Under these circumstances, res judicata cannot apply." (*Sangiolo* v. *Sangiolo, supra,* 87 Cal.App.3d 511, 514.)

Our decision rejecting the application of res judicata at the demurrer stage in this appeal should not be construed as holding Lyla is necessarily entitled to one-half the retirement benefits of her former husband. Lyla's entitlement, if any, must await the evidence on issues such as estoppel by judgment or any equitable defenses like estoppel or waiver.

The judgment is reversed.

Cologne, J., and Wiener, J., concurred.