**W.H. DEWEESE, Appellant,**

v.

**Lucie FISHER and K.T. Meade, Jr., Appellees.**

No. 55908.

Supreme Court of Oklahoma.

Feb. 8, 1983.

F. Douglas Shirley, Shirley, Stephenson, Shirley & Webber, Watonga, for appellant.

Dean Rinehart, Rinehart, Rinehart & Rinehart, El Reno, for appellee.

WILSON, Justice:

Ted and Lucie Fisher's twenty-six year marriage ended in divorce in 1956. Lucie Fisher appeared pro se and the trial judge appointed an attorney to appear with her amicus curiae.

The real and personal property was awarded by the court to the parties from which division Lucie Fisher gave notice of appeal. In consideration of dismissing the appeal, Ted Fisher signed an agreement to deed her one-half of all the mineral interests of which he was possessed. The agreement was not acknowledged but was nevertheless recorded in miscellaneous records. Ted Fisher did in fact deed several mineral interests to Lucie. Although he then owned an undivided one-half interest in and to the South Half (S ½) of the Northwest Quarter (NW ¼) of Section Ten (10), Township Fourteen (14) North, Range Twelve (12) West of the Indian Meridian, Blaine County, Oklahoma,[1] including a 20-acre mineral interest, it was neither included in the Divorce Decree nor deeded to Lucie Fisher pursuant to the agreement.

In 1959 Ted Fisher and his second wife deeded an undivided one-half (½) interest in and to the South Half (S ½) of the Northwest Quarter (NW ¼) of Section Ten (10), Township Fourteen (14) North, Range Twelve (12) West of the Indian Meridian, Blaine County, Oklahoma, and an undivided twenty (20) acre mineral interest to Deweese, who subsequently deeded one-half (½) of the mineral interest to Bahan.

In 1979 Meade advised Lucie Fisher that she owned a 10-acre mineral interest in the above described property and she leased it to him. After that grant Deweese brought an action against Lucie Fisher and Meade to quiet title in his remaining interest and to defend his warranted title to Bahan. The trial court held for Lucie Fisher and Meade.

The issue presented is whether Ted Fisher had title to the above described mineral interest in 1959 or whether equitable title was owned by Lucie Fisher sufficient to convey to Meade in 1979.

 Unless there was a valid post-divorce agreement,[2] property acquired during coverture omitted from the court's division of property in the decree is owned by the

---

1. This property description was included in the Bill of Particulars filed on the same date as the divorce petition.

2. *Shipp v. Shipp*, 383 P.2d 33 (Okl.1963).

party in whose name title rested prior to the divorce.[3] It is stated in *Shipp v. Shipp:*

> "A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, *and shall be a bar to any claim of either party in or to the property of the other,* except in cases where actual fraud shall have been committed by or on behalf of the successful party." (Emphasis ours). *Shipp v. Shipp,* supra, at 33.

It was stipulated in the quiet title action that there was no fraud alleged by appellee Fisher. No fraud being alleged nor proved, Lucie Fisher's failure to have this property included in the decree precludes her claim to this property. 12 O.S. 1981 § 1279.[4]

Even granting that the agreement between the Fishers was a valid, post-decree contract, by 1979 the Statute of Limitations had run on her right to enforce that agreement to convey the subject mineral interest.[5]

For the reasons stated, the judgment of the trial court is reversed, and title quieted in appellant against appellees.

BARNES, C.J., SIMMS, V.C.J., and HODGES, HARGRAVE and OPALA, JJ., concur.

IRWIN, LAVENDER and DOOLIN, JJ., dissent.

---

**3.** *Titsworth v. Titsworth,* 206 Okl. 399, 244 P.2d 295 (1952).

**4.** 12 O.S. 1981 § 1279 reads as follows: "A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party. R.L. 1910 § 4970."

**5.** 12 O.S. 1981 § 95. "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First. Within five (5) years: An action upon any contract, agreement or promise in writing."