870 P.2d 159

**Dale A. SCHUELLER, Plaintiff–Appellant,**

v.

**Kathy SCHUELLER, Defendant–Appellee.**

**No. 14009.**

Court of Appeals of New Mexico.

Jan. 31, 1994.

Manuel I. Arrieta, Weinbrenner, Richards, Paulowsky & Ramirez, P.A., Las Cruces, for plaintiff-appellant.

James A. Roggow, Cresswell & Roggow, P.A., Las Cruces, for defendant-appellee.

## OPINION

BLACK, Judge.

The parties were divorced in 1989. The district court entered a supplemental decree

in June of 1990 dividing the parties' property. Schueller Construction Ltd. (the Corporation) was determined to be community property and awarded to Dale Schueller (Plaintiff), but he was required to pay and assume all corporate debts and hold Kathy Schueller (Defendant) harmless on such debts. At the time of the divorce proceeding, the person hired to prepare the parties' tax returns testified that all of the returns had been filed. Plaintiff filed the present action alleging that no tax returns had been filed for the period 1982–89, and that the Corporation and both of the parties had substantial tax liabilities for that period. Plaintiff further alleged that he had satisfied accounting and legal fees and a portion of the tax liability, and he sought reimbursement from Defendant.

Defendant moved to dismiss on the ground the supplemental decree assigned all corporate debts to Plaintiff and was dispositive. The district court agreed and dismissed the complaint. Plaintiff argues that the district court erred in failing to accept the allegations of the complaint as true, see *Phifer v. Herbert*, 115 N.M. 135, 139, 848 P.2d 5, 9 (Ct. App.1993) (standard of review for motions to dismiss), and, if the district court actually considered the affidavit he submitted, there were questions of material fact, see *Barreras v. New Mexico Corrections Department*, 114 N.M. 366, 368, 838 P.2d 983, 985 (1992) (standard of review for motions for summary judgment). Given our disposition of the case, we need not consider whether the district court's order of dismissal was issued pursuant to SCRA 1986, 1–012 or SCRA 1986, 1–056.

We hold that the supplemental decree was ambiguous as to tax liability and therefore reverse and remand.

### FACTS

Plaintiff's complaint alleged, inter alia:

5. At the time of the divorce trial, it was the testimony of Tim Nesbitt, the person who had been hired to prepare the parties' tax returns, that the returns for the period of 1982 through 1989 had been filed. In fact, they had not been filed.

6. The parties were unaware that the returns had not been filed and that taxes due had not been paid.

7. The joint tax returns for the parties are the joint obligation of the parties. Both parties were shareholders and officers of the Corporation, and both parties are jointly liable for any tax liability arising out of the Corporation.

8. The debt incurred for tax liability for 1982 through 1989, a period during the marriage, was not disposed of in the divorce proceedings.

Defendant responded with a motion to dismiss, arguing, "[t]he parties having had a full and fair opportunity to litigate the matters in the divorce action, the divorce decree being dispositive on the issue, the [district court] should dismiss Plaintiff's complaint[.]"

Prior to the hearing set on the motion to dismiss, Plaintiff filed an affidavit of Tim Williams, the tax attorney for both Plaintiff and the Corporation. Williams stated he was retained "in mid 1990" and subsequently discovered that neither the Corporation, Plaintiff, nor Defendant had filed tax returns for the period 1983–92. Williams further testified that since the Corporation was a subchapter S corporation "the bottom line income or loss would pass through to the Schuellers' individual return(s)" and therefore the individual returns could not be completed until the corporate return was completed.

### DISCUSSION

Plaintiff contends that, since the parties believed and presented testimony to the district court that all tax returns had been filed, the district court did not, indeed could not, consider the allocation of the various tax liabilities. In response, Defendant argues that even though the word "tax" does not appear in the supplemental decree, the clear and unambiguous language of the supplemental decree makes Plaintiff responsible to "pay and assume, and hold the Petitioner [Defendant] harmless therefrom, all debts" of the Corporation. The outcome, then, turns on whether the term "all debts" clearly includes the various taxes which allegedly accrued during the marriage but were not dis-

covered until after entry of the supplemental decree.

 Divorce decrees are to be construed as other written instruments. *Satterfield v. Satterfield,* 419 So.2d 601, 603 (Ala. Civ.App.1982); *Sieren v. Bauman,* 436 N.W.2d 43, 46 (Iowa 1989). A district court determination that a written instrument is unambiguous as a matter of law is therefore not binding on the appellate court which may consider the legal effect of the document itself. *Mark V, Inc. v. Mellekas,* 114 N.M. 778, 782, 845 P.2d 1232, 1236 (1993). Thus, we review the issue de novo as a question of law. *Id.*

 A contract will be found ambiguous only if it is reasonably susceptible to different constructions. *Trujillo v. CS Cattle Co.,* 109 N.M. 705, 709, 790 P.2d 502, 506 (1990). Whether the term "debts" in a property settlement agreement or judgment includes taxes has been subject to diametrically opposed legal constructions. *Compare Nelson v. Nelson,* 740 P.2d 939, 940 (Wyo.1987) ("debt" includes taxes) *with Brooks v. Brooks,* 515 S.W.2d 730, 732 (Tex.Civ.App.1974) ("debt" does not include taxes), *writ ref'd n.r.e.,* (March 26, 1975). In interpreting this language, however, the court is not restricted to the bare words of the document but may consider the context from which it derived. *Mark V, Inc.,* 114 N.M. at 781, 845 P.2d at 1235. The district court has an obligation to consider the tax implications of its division of the marital property. *Mattox v. Mattox,* 105 N.M. 479, 485, 734 P.2d 259, 265 (Ct.App. 1987). The trial judge therefore will usually assign recognized tax liability when dividing the property. *See, e.g., Fenner v. Fenner,* 106 N.M. 36, 41, 738 P.2d 908, 913 (Ct.App.), *cert. denied,* 106 N.M. 7, 738 P.2d 125 (1987).

 In the present case, the only evidence before the district court at the time the court entered the supplemental decree was that all individual and corporate tax returns had been filed appropriately. The district court obviously could not, then, consider apportionment of a tax liability of which it was totally unaware. Therefore, to conclude the phrase "all debts" in the supplemental decree assigned all tax liability to Plaintiff is a leap we are unable to make. *See Titsworth v. Titsworth,* 206 Okla. 399, 244 P.2d 295, 298 (1952) (per curiam) (where divorce decree did not indicate court had considered a question of property ownership, later court should not add new terms to decree). If there is ambiguity in a written instrument, it is up to the finder of fact to initially resolve the ambiguity. *C.R. Anthony Co. v. Loretto Mall Partners,* 112 N.M. 504, 507, 817 P.2d 238, 241 (1991).

## CONCLUSION

We reverse and remand for a resolution of the meaning of "all debts" as it relates to the personal and corporate taxes allegedly discovered subsequent to the supplemental decree.

IT IS SO ORDERED.

CHAVEZ and FLORES, JJ., concur.