2000 OK CIV APP 144

**Billie FRANTZ, Personal Representative of the Estate of Billie Joe Frantz, Deceased, Personal Representative/Appellant,**

v.

**Dorothy FRANTZ, Claimant/Appellee.**

**No. 95,055.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 7, 2000.

---

Robert B. Smith, Oklahoma City, Oklahoma, for Appellant.

David J. Bailey, Midwest City, Oklahoma, for Appellee.

## OPINION

HANSEN, Vice-Chief Judge:

¶ 1 Billie Frantz (Appellant), as personal representative of the estate of his deceased father, Billie Joe Frantz (Billie Joe) appeals from summary judgment quieting title to certain real property in Appellee, Dorothy Frantz (Dorothy or Appellee). We find no reversible error and affirm.

¶ 2 Dorothy and Billie Joe were married in October 1977. Appellant is not the child of this marriage. During their marriage, Dorothy and Billie Joe bought several adjoining lots as joint tenants with right of survivorship. Their marital residence was located on Lot 1. Lot 3 was apparently sold by Dorothy

and Billie Joe, and is not in controversy. Lot 2 is the subject of the quiet title determination here on appeal.

¶3 Dorothy and Billie Joe were divorced by decree dated January 29, 1998. Dorothy was represented by counsel. Billie Joe, who was unrepresented, executed an Entry of Appearance and Waiver and did not appear at the divorce hearing. He did, however, indicate his approval of the decree by signing it.

¶4 In the divorce decree, Dorothy was awarded Lot 1, the residence, which was the only real property mentioned in the decree. There was no appeal from the decree. After the divorce, both Dorothy and Billie Joe nonetheless continued to live in the residence on Lot 1. Billie Joe died on January 7, 2000.

¶5 Appellant filed this action on January 18, 2000, as personal representative of Billie Joe's estate. Among his claims, the remainder of which were otherwise disposed of and are not now at issue, Appellant asked the trial court to quiet title to Lot 2 in the estate. Appellant alleged the estate was the "legitimate and equitable owner" of Lot 2. By counter-petition, Appellee also asked the court to quiet title to Lot 2 in her. Appellee alleged that because Lot 2 was not disposed of in the divorce decree, she became, by right of survivorship, the sole owner of the property upon Billie Joe's death.

¶6 The trial court granted summary judgment quieting title to Lot 2 in Appellee. Appellant contends the trial court erred in granting summary judgment for Appellee because either [1] joint tenancy in the property should have been severed in the divorce, or [2] Billie Joe should have been determined to be exclusive owner as a matter of equity.

¶7 Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics*, 1995 OK 21, 891 P.2d 1262 (Okla.1995). All inferences to be drawn from the underlying facts will be reviewed in the light most favorable to the party opposing the motion for summary judgment. *First State Bank v. Diamond Plastics*, at 1266.

¶8 Appellant notes he is relying on the recent case of *Matthews v. Matthews*, 1998 OK 66, 961 P.2d 831 providing the "law enjoins that there be complete severance of common title" in a divorce case. In *Matthews*, a former wife sought to execute upon the divorced husband's interest in his homestead to satisfy two judgments for child support arrearage. There, the divorce decree incorporated the party's pre-divorce settlement agreement, which included the real property in dispute. It is uncontroverted that here Lot 2 was not included in the decree, and there is no evidence to support a property settlement, either incorporated into or independent of the decree.

¶9 The *Matthews* Court held, "[w]here a divorce is granted and the property must be divided, the law enjoins that there be a complete severance of the common title." *Matthews* does not hold that all marital property must be disposed of exclusively by the decree. The holding applies only to that property which comes within the jurisdiction of the court. Even then, *Matthews* recognizes severance is not mandatory where the parties agree otherwise.

¶10 The holding in *Matthews* is inapposite under the facts here where disposition of Lot 2 was not before the divorce court. Generally, a divorce decree is not conclusive of the property rights of the parties, unless such rights were in issue and adjudicated therein. *Lewis v. Superior Court*, 77 Cal. App.3d 844, 144 Cal.Rptr. 1; *Martin v. Soden*, 81 Idaho 274, 340 P.2d 848 (1959); *Wallack v. Wallack*, 211 Ga. 745, 88 S.E.2d 154 (1955); *First Nat'l Bank v. Wolff*, 66 Nev. 51, 202 P.2d 878 (1949).

¶11 However, in *Wilson v. Hartman*, 1976 OK 10, 545 P.2d 742, the Supreme Court did consider facts similar to those before us. The subject of controversy there was two tracts of land held by a married couple in joint tenancy with right of survivorship. Neither the petition nor the divorce decree made any mention of the jointly held tracts of land, but the decree did state the parties had agreed on a property settlement. The wife subsequently asked for partition of the land. Based on a purported oral agreement,

the trial court awarded sole ownership to the husband.

¶ 12 The *Wilson* Court found insufficient support for an oral agreement as to property settlement, and lack of other property disposition in the decree. The Court went on to hold:

> Absent a provision in the decree, whether divorce in and of itself effects (sic) the character of property held in joint tenancy by husband and wife, has not been decided in Oklahoma. Jurisdictions generally hold that it remains in joint tenancy or rests in the spouses equally as tenants in common. (Citations omitted).

> Since the divorce decree itself in no way divided the property and we find no contract of property settlement existed, it was improper for the trial court to vest sole ownership in defendant. Whether the estate changed from one of joint tenancy to that of tenancy in common is not material and we do not decide it at this time.

¶ 13 Because the wife, as joint owner, had the right to demand partition, the *Wilson* Court did not have to decide if divorce itself changed the character of the joint tenancy. *Wilson* did hold, however, that in the absence of a provision in the decree dividing it, real property joint ownership remains unsevered by divorce.[1] That resolves part of the issue before us, but remaining is the character of the undivided ownership.

■ ¶ 14 We believe the better rule is that of the majority of jurisdictions deciding the issue, that is, in the absence of a decree provision contemplating severance of joint tenancy, its character remains unchanged. *E.g., Dominex, Inc. v. Key,* 456 So.2d 1047 (Ala.1984); *Collier v. Collier,* 73 Ariz. 405, 242 P.2d 537 (1952); *Bradley v. Mann,* 34 Colo.App. 135, 525 P.2d 492 (1974); *Sondin v. Bernstein,* 126 Ill.App.3d 703, 467 N.E.2d 926 (1984); *Weber v. Allen,* 574 A.2d 1362 (Me.1990); *Hughes v. Hughes,* 101 N.M. 74, 678 P.2d 702 (1984); *Witzel v. Witzel,* 386 P.2d 103 (Wyo.196@3).

¶ 15 The rationale for such a rule is set out persuasively by the Illinois Court of Appeals in *Sondin, supra:*

> ... divorce terminates those property rights and interests not actually vested, of divorced persons in the property of each other which are dependent upon the marriage relationship such as dower, curtesy, and rights of inheritance under the statute of descent, but that property rights of a husband and wife which exist independently of the marriage survive the divorce judgment. The right of survivorship of a joint tenant does not arise out of the marriage relationship.... absent either an express intent to sever or actions inconsistent with the continuation of joint tenancy, a divorce judgment alone will not sever joint tenancy.

■ ¶ 16 The divorce decree here clearly does not expressly direct severance of the joint tenancy in Lot 2. The only evidence inconsistent with continuation of that joint tenancy was Appellant's affidavit, in which he related Billie Joe told him he considered Lot 2 to belong to him solely. There is, however, no evidence of any actions inconsistent with joint tenancy. Appellant failed to establish any alteration of the unities of time, title, interest and possessions—the requisites of a joint tenancy. *Estate of Steen, Matter of,* 1992 OK CIV APP 26, 909 P.2d 63.

¶ 17 We find the joint tenancy estate in Lot 2 was not changed by virtue of the divorce, or for other reasons, and remained extant at the time of Billie Joe's death. Upon Billie Joe's death, Dorothy took the entire estate to the exclusion of Billie Joe's heirs. *Estate of Steen, supra.*

■ ¶ 18 Finally, Appellant contends that equity demands Dorothy not be permitted to profit by reason of her omission of Lot 2 in the divorce decree. We need only note here that Billie Joe signed the divorce decree and is presumed to be aware of its contents. The omission of Lot 2 is obvious, even to a *pro se* party. If Billie Joe had desired to have Lot 2 included in the divorce property award, he

---

**1.** *See also, Deweese v. Fisher,* 1983 OK 12, 658 P.2d 1153 (Property acquired during coverture omitted from the court's division of property is owned by the party in whose name title rested prior to the divorce).

could have then acted to have it included. We will not speculate as to his reasons for not doing so, nor will we speculate as to any possible motive on the part of Dorothy in not including Lot 2. Appellant's equitable claim has no merit.

¶ 19 We find no error of law, nor any material fact still in issue. Accordingly, the trial court's order is AFFIRMED.

¶ 20 ADAMS, J., and JOPLIN, J., concur.