[Civ. No. 30786. First Dist., Div. Four. Nov. 22, 1972.]

In re the Marriage of ROBERT L. and DARLENE M. ELKINS.
ROBERT L. ELKINS, Respondent, v.
DARLENE M. ELKINS, Appellant.

900

COUNSEL

Barry Wood and T. F. Cleland for Appellant.

Leo M. Cook for Respondent.

OPINION

**DEVINE, P. J.**—This is an appeal from a final judgment of dissolution of marriage and from an order denying appellant's motion to set aside the judgment. The motion was noticed for a date subsequent to the entry of the interlocutory judgment but before final judgment. Final judgment reserved appellant's right to move "to have the interlocutory judgment vacated so far as division of property is concerned." The motion is based on the fact, admitted by both sides, that because of concealment the com-

munity property actually was divided unequally, although the community property which was listed in the petition for dissolution was equally divided by the interlocutory judgment. This consisted of various funds on deposit amounting to $21,328.39, household furniture, and two automobiles. The unequal division, effected without the court's knowledge, favored the husband, although certain community property of the wife, too, was undisclosed to the court at the hearing on dissolution.

It is unnecessary to say more about the undisclosed community property held in the name of the wife than that it consists of an accumulation in the California Public Employees' Retirement System valued as of June 30, 1970, at $3,269.67; that she did not prepare the financial statement for the trial court's consideration at the hearing for dissolution; and that when the motion to vacate the judgment is heard again, the amount of this fund will be an offset against a contribution which will be required by the husband.

The subject of this appeal is the unreported accumulation of the husband in the California Public Employees' Retirement System which, at the time of the dissolution hearing, was valued at about $14,000. There was also an undisclosed asset of community property consisting of a life insurance policy, the estimated cash value of which was $1,000; but although this must also be included in the ultimate division of community property, it was not particularly the subject of dispute at the hearing of the motion. Altogether, the amounts taken by the husband equal about three-fifths of the amount of community property which was reported to the court and divided equally.

The evidence at the hearing of the motion to vacate the judgment consisted of declarations under penalty of perjury by the parties to the dissolved marriage and by counsel for the husband, and of testimony by the same three witnesses. Briefly summarized, the evidence given by the wife, both in the declaration and in her testimony, is: Her husband commenced the dissolution action, instructed her to go to the office of his attorney and sign whatever papers were presented to her, and threatened her with physical violence if she did not follow his directions. She signed because of fear for her safety. She denied, in effect, the alleged oral agreement. She was a legal secretary working for another attorney, but did only probate work for him and did not discuss her own case with him. She wrote the list of assets which were on the financial statement but put them down as her husband demanded. She signed in propria persona approval as to form of the proposed interlocutory judgment. She read it before she signed it and it contains no reference to the husband's retire-

ment fund. This was signed in the office of her husband's attorney. Her recollection is that she was not advised by the attorney of her right to independent legal advice. She testified that when the papers were handed to her by her husband's attorney, she understood the effect was merely to save the expense of service. She denied insisting that the husband select a particular counsel as a condition of dissolution.

The husband's account, taken from his declaration and his testimony, is that the omission of the retirement fund from the financial statement in the petition for dissolution was made because of an oral agreement between his wife and him that "she would leave the retirement alone" if he would pay for the support of the couple's grandchild. Their 24-year-old son was under court order to pay child support of $75 a month, was out of work part of the time, and had remarried. Respondent conceded that he is not under any legal compulsion to support the grandchild. He denied any threats or pressure against his wife and declared that he had acceded to her demand that he engage as counsel the attorney who did represent him at the dissolution hearing (who is not his attorney on this appeal). Respondent testified that he had explained to his attorney the agreement to offset the retirement fund against the agreement to pay for the grandchild's support.

Mr. Elkins' attorney was not asked directly whether his client had explained the matter of the omitted community property to him, as Elkins testified he had done. But in substance the attorney denied it, testifying that he lists all the community property that the parties claim, and that what they have that he doesn't know of he cannot list. He did not recall whether community property was discussed with the wife. He conceded that it must have crossed his mind that there would be retirement funds since Elkins worked for the state, but his files showed no claimed community interest in retirement funds. He had assumed that Mrs. Elkins would consult her employer or some other attorney. But he did not testify, nor was he asked, whether he made inquiry whether she had actually had legal advice.

The court denied the motion to vacate, saying that the court did not see any fraud or concealment practiced upon the wife, nor did the court find inadvertence, surprise or excusable neglect.

Civil Code section 4800, subdivision (a) reads as follows (certain exceptions not relevant in this case are contained in other parts of the section): "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, the court shall, either in its interlocutory judgment or dissolution of the marriage, in its judgment decree-

ing the legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community property and the quasi-community property of the parties, including any such property from which a homestead has been selected, equally." In the case before us, there was no written agreement of the parties, nor was there an oral stipulation of the parties in open court. In order that the court may be informed of each asset of community property, rule 1243 of California Rules of Court requires a declaration, under penalty of perjury, that the financial statement is true and correct. The financial statement in the case before us was not true or correct. In the space provided for declaring property "divided by agreement," there is no entry.

We may assume that the court's decision on the facts was based on acceptance, wherever there was conflict, of the evidence which was favorable to respondent. But the interlocutory judgment simply did not reach the undeclared community property.  ■  An undisclosed oral "side agreement" between the parties, made in contemplation of dissolution of marriage, whether it be made under compulsion or fraud or mistake or be made freely, competently, and in good faith so far as the parties are concerned, actually constitutes a deception upon the court. We deem such an undisclosed agreement to be against public policy because of the inherent deception and because of the positive terms of the statute, and to create no rights for either party to the unmentioned community property. Indeed, it has long been the rule that property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile. (*Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312 [260 P. 545]; *Maxwell* v. *Maxwell,* 66 Cal.App.2d 549 [152 P.2d 530]; *Estate of Williams,* 36 Cal.2d 289 [223 P.2d 248, 22 A.L.R.2d 716]; *Wilkinson* v. *Wilkinson,* 12 Cal.App.3d 1164, 1168 [91 Cal.Rptr. 372]; *In re Marriage of Karlin,* 24 Cal.App.3d 25, 34 [101 Cal.Rptr. 240].) But under the Family Law Act there is no other disposition possible, once the community character of the property has been established, as it has been in the case before us, and no written contract having been made, than to make the division required by Civil Code section 4800, subdivision (a). If it were not so, the parties themselves could virtually write an exception to section 4800, in addition to those which the Legislature has made (written agreement or oral stipulation in open court), namely, an oral agreement made privately and not in open court. A fair reading of the section shows that it was at least one intention of the Legislature that oral agreements, such as the one asserted by respondent herein, should not be effectual. By the new statute, the possibility of one party's

overreaching of the other would be avoided. Neither party's rights would be dependent on faulty recollection or possibly the false testimony of the other. The courts would be less burdened with disputes arising subsequent to the disposition which ought, under the terms of the statute, to be complete and final. The case is to be distinguished from such cases, cited by respondent, as *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13 [193 P.2d 728], and *Cameron* v. *Cameron,* 88 Cal.App.2d 585 [199 P.2d 443], in each of which the husband concealed no assets but at the time of divorce openly took the position that certain assets were his separate property, and the wife was represented by her own counsel.

When the true state of affairs is brought to the attention of the court which made the decree of dissolution, within the time allowable for correction under section 473 of the Code of Civil Procedure (which was invoked in this case), the court must cause an equal division to be made. This does not interfere with the traditional discretion of the judge in ruling on motions under section 473, because the very admission of everyone that community property was withheld from the judgment of the court at the dissolution hearing has left but one possible apportionment. The disposition now required under the terms of Civil Code, section 4800, subdivision (a) will be an equal division of all of the community property, including that already disposed of by the judgment. (If, as the husband testified, he has since given the wife more than her equal share of the household furniture, the value of which was not put into the financial statement, this small matter too should be adjusted.)

The order denying the motion to vacate the judgment, insofar as the division of community property is concerned, is reversed with direction to the trial court to vacate the judgment insofar as it relates to such division of property, and to proceed in accordance with the views expressed in this opinion.

Rattigan, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.