[Civ. No. 14714. Fourth Dist., Div. One. June 21, 1977.]

MAROLYN KELLEY, Plaintiff and Appellant, v.
ARVIE L. KELLEY, Defendant and Respondent.

674

---

**COUNSEL**

Gaylord L. Henry for Plaintiff and Appellant.

Millsberg, Dickstein, Kartvedt & McKee and Harold D. Dickstein for Defendant and Respondent.

---

**OPINION**

**COLOGNE, J.**—Plaintiff Marolyn Kelley appeals after the trial court entered a judgment she take nothing by her complaint against her former husband, Arvie Kelley, seeking a declaration military retirement payments Arvie receives are the community property of the parties and thus Marolyn has an interest in the retirement pay.

The parties were married January 10, 1953, 10 days before Arvie entered the Marine Corps. With the aid of a do-it-yourself marriage dissolution book Marolyn drafted and typed a marital settlement agreement which Arvie and Marolyn both signed on July 1, 1972. Neither party had counsel although Arvie consulted with a legal officer of the Navy before he signed the agreement. The agreement provided for child custody and support, spousal support, and the equal division of

certain items of property and debts.[1] It did not mention the fact of Arvie's impending retirement from the Marine Corps or any payments in connection with the retirement. The agreement provided it was to be submitted for court approval of its due execution and fairness only, and was not to be made part of any decree except as to child custody and support. It recited each party had made full disclosure to the other of current finances and assets.

During the parties' negotiations of the agreement Marolyn was aware Arvie would soon be retiring and pointed out his retirement income would enable him to pay the $200 per month child support they agreed upon. Marolyn made no demand on Arvie with reference to his retirement as an item of community property. Arvie retired July 31 and· began receiving retirement pay.

Marolyn ˙took the agreement to John DeNora, an attorney, and asked him to get the dissolution because she did not know how to act in court. They discussed the agreement and he was angry that she had already executed the agreement without consulting him. Marolyn's attorney filed the petition for dissolution, submitting the agreement to the court for approval. He also prepared a court order which secured the court's approval of the agreement and ordered the parties to carry out all of its terms.

On September 16, 1972, Arvie signed an appearance and waiver with respect to a marriage dissolution proceeding commenced September 19, 1972, when Marolyn, through her attorney, filed the petition (San Diego Sup. Ct. No. D-65985). The financial declaration for the petition described Arvie's occupation as carpenter, acknowledging she knew at that time he was already retired. Marolyn's petition made no mention of the parties' property except to the extent the box was checked next to the printed entry on the petition form reading: "All property otherwise subject to disposition by the court in this proceeding has been disposed of by written agreement of the parties."

The interlocutory judgment of dissolution of marriage was entered October 10, 1972. The decree approved the marital settlement agreement and made provision for child custody and support in accord with the

---

·[1]There is no suggestion the agreement is otherwise inequitable in its division of property or provision for support of the wife or children. The children, however, are now all of age.

agreement's terms. The final judgment of dissolution was entered March 26, 1973. Neither decree mentioned the military retirement pay.

■ In reaching its decision the trial court correctly assumed retirement pay is community property (see *In re Marriage of Fithian,* 10 Cal.3d 592, 596 [111 Cal.Rptr. 369, 517 P.2d 449]). In the trial court's memorandum decision dated June 16, 1975, the doctrines of res judicata and estoppel were relied on to reach the conclusion Marolyn could not, in this separate action, obtain an order dividing the retirement pay asset which was in existence at the time of the dissolution action. The court cited *Avery* v. *Avery,* 10 Cal.App.3d 525, 529-530 [89 Cal.Rptr. 195] and *Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497], in concluding res judicata barred relief. On the question of estoppel, the trial court said, in pertinent part: "Plaintiff drafted the agreement that both parties executed. It is clear that both parties intended to settle all issues between them. Various items of property were divided and a provision for token spousal support was included. Child support was provided. Plaintiff's petition for dissolution was presented by her attorney. The decree was obtained after a noncontested hearing, the defendant relying on the agreement worked out by plaintiff to which he had assented. There was no fraud, concealment, or misrepresentation by defendant."

Marolyn contends the trial court erred in reaching its conclusion. We are compelled to support the decision of the court below.

■ The applicable rule is property which is not mentioned in the pleadings as community property and which is left unadjudicated by a decree of divorce or dissolution is subject to future litigation, the parties being tenants in common meanwhile (*In re Marriage of Cobb,* 68 Cal.App.3d 855, 860, fn. 1 [137 Cal.Rptr. 670], citing *In re Marriage of Brown,* 15 Cal.3d 838, 850-851 [126 Cal.Rptr. 633, 544 P.2d 561]; *In re Marriage of Elkins,* 28 Cal.App.3d 899, 903 [105 Cal.Rptr. 59]; *Estate of Williams,* 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R.2d 716]).

■ We are concerned with a legislative mandate to divide all community property equally between the parties (Civ. Code, § 4800, subd. (a)) and the failure to accomplish that objective. Here, there is no

mention of military retirement pay, a community property asset,[2] in either the petition or any decree pertaining to the parties' marriage dissolution proceeding. The checked square on the form petition speaking of all property subject to court disposition cannot reasonably be viewed as constituting a listing or mention of the community property retirement pay asset. The court did not adjudicate the interests of the parties.

In view of the foregoing, the community property retirement pay was properly the subject of the separate litigation at bar. ■■■ This does not mean, however, that there are no defenses to such an action.

■■■ In *Sutphin* v. *Speik, supra,* 15 Cal.2d 195, 202, the court sets down the rule of res judicata saying, "If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." The reason for this rule is obvious.

". . . . A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable. . . ." (*Sutphin* v. *Speik, supra,* 15 Cal.2d 195, 202.) (See also *Avery* v. *Avery, supra,* 10 Cal.App.3d 525, 529.)

■■■ Here, Marolyn could have had the community property character of this asset determined and distributed to her. She did not. Are the courts to be faced with a parade of independent actions resolving the character of each item of property in the community? We can foresee parties to a dissolution awakening after the judgment to the fact there were certain insurance policies which were known to have been purchased during the marriage, but no effort was made to determine if one spouse had an interest in the cash surrender value; similarly, what of certain separate property upon which payments were made from community funds? Is there a community property interest there which would be the subject of another action? As discoveries are made of

---

[2]We here deal with a matured right to community property retirement pay (see *In re Marriage of Fithian, supra,* 10 Cal.3d 592, 596, fn. 2; cf. *In re Marriage of Brown, supra,* 15 Cal.3d 838, 842), as to which there was no question of divisibility on dissolution of marriage when this case arose (*Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32, 41 [89 Cal.Rptr. 61, 473 P.2d 765]; *In re Marriage of Karlin* (1972) 24 Cal.App.3d 25, 29-32 [101 Cal.Rptr. 240]).

additional items, must the court consider them in separate independent lawsuits? We think that would have a seriously adverse effect on the efficiency of the court.

If the property settlement is incorporated into the divorce decree (as it was done here), the settlement is merged with the decree and becomes the final judicial determination of the property rights of the parties (*Kulchar* v. *Kulchar,* 1 Cal.3d 467, 470-471 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368]). A court, sitting in equity, can set aside or modify a valid final judgment upon a showing of extrinsic fraud or mistake (*Kulchar* v. *Kulchar, supra,* 1 Cal.3d 467, 471; *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18-23 [193 P.2d 728]), but will not grant relief where the fraud is "intrinsic," i.e., when it goes to the merits of the prior proceeding which should have been guarded against at that time. Relief is also denied where the complaining party has contributed to a fraud or mistake giving rise to the judgment thus obtained (*Hammel* v. *Britton,* 19 Cal.2d 72, 80 [119 P.2d 333]; see generally *Kulchar* v. *Kulchar, supra,* at pp. 472-473).

Here Marolyn was fully cognizant of Arvie's status as retired and was aware of the fact he was to receive a pension. She was, however, mistaken as to her legal rights to that pension. She elected to decide the merits of a claim without aid of legal counsel and personally contributed to any mistake as to the character of the property. Arvie was not a party to that mistake and did not conceal the facts or otherwise participate in any wrongdoing.

The judgment is res judicata and there is no basis for equity to interfere.

Judgment affirmed.

Brown (Gerald), P. J., and Klein, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.