[Civ. No. 14821. Fourth Dist., Div. One. Jan. 11, 1978.]

LOIS J. BODLE, Plaintiff and Appellant, v.
HAROLD DELBERT BODLE, Defendant and Respondent.

**COUNSEL**

George S. Marinos for Plaintiff and Appellant.

Robert A. Bowler and Gaylord L. Henry for Defendant and Respondent.

**OPINION**

**STANIFORTH, J.**—Lois J. Bodle appeals from an order denying her claim to the United States Navy retirement pension being paid to her former husband, Harold Delbert Bodle. The trial court found (1) the retirement was not vested at the time of the execution of their marital settlement agreement in May 1968 and (2) did not constitute a property interest controlled by that agreement. Mrs. Bodle asserts *In re Marriage of Brown,* 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561], mandates a reversal.

The parties were married June 10, 1943. Mr. Bodle entered the military service October 19, 1944 and retired therefrom September 1, 1971, approximately three years after their interlocutory and final decrees of divorce. Seventeen years of this marriage were congruent with Mr. Bodle's approximate twenty years of active military service.

In connection with their divorce proceedings the parties executed a marital settlement agreement (May 1, 1968), which included the following provision: "Each of us hereby warrants to the other that neither of us is now possessed of any property of any kind or description whatsoever other than the property specifically listed in this agreement and that neither of us has made, without the knowledge and consent of the other, any gift, or transfer of community property within the period of the statute of limitations. *If it shall hereafter be determined by a Court of competent jurisdiction that either of us is now possessed of any property not*

*set forth above* or that one of us had made, without the consent of the other, any gift or transfer of community property other than as set forth above *each of us hereby covenants and agrees to pay to the other on demand an amount equal to one-half of the fair market value of such property.*" (Italics added.)[1]

The retirement pension was not mentioned in the pleadings as community property nor was it listed as an asset in the agreement. The divorce record is silent as to its existence. The interlocutory decree of divorce attached a copy of the marital settlement agreement and "[is] by such attachment incorporated herein, is hereby approved and performance of each and every term therein is hereby ordered."

In August 1975 Mrs. Bodle brought an order to show cause proceeding, in the original divorce action, seeking to enforce paragraph five of the marital settlement agreement. She contends the military pension is community property which was not "set forth" in their agreement and therefore she is entitled to one-half thereof. The trial court denied her request upon the grounds noted.

■ Five weeks after the trial court ruled against Mrs. Bodle the California Supreme Court in *In re Marriage of Brown, supra,* 15 Cal.3d 838, overruled *French v. French,* 17 Cal.2d 775 [112 P.2d 235, 134 A.L.R. 366], the case authority relied upon by the trial court. Hence it is now the law: "Pension rights, whether or not vested, represent a property interest; to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding." (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 842.)

Mr. Bodle, however, argues the *Brown* rule—that "nonvested" (now termed "nonmatured") pension rights constitute divisible community property—is not retroactive and therefore not applicable to this case. Concerning the retroactivity of the rule announced, *Brown* declares: "We conclude that our decision today should not apply retroactively to permit a nonemployee spouse to assert an interest in nonvested pension rights when the property rights of the marriage have already been adjudicated by a decree of dissolution or separation which has become final as to such adjudication, unless the decree expressly reserved jurisdiction to

---

[1]According to the authors of the California Continuing Education of the Bar treatise, the paragraph in question: ". . . gives to each of them the right to recover one half of any later discovered property or transfers not set forth." (2 The Cal. Family Lawyer (Cont.Ed.Bar 1962) § 26.31, p. 1193.)

divide such pension rights at a later date (see Civ. Code, § 4800). Our decision will apply retroactively, however, to any case in which the property rights arising from the marriage have not yet been adjudicated, to such rights if such adjudication is still subject to appellate review, or if in such adjudication the trial court has expressly reserved jurisdiction to divide pension rights." (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 851.)

The Supreme Court reasoned: ". . . if we accord complete retroactivity to our decision today we might reopen controversies long settled by final judgment. Undoubtedly in the 35 years since the rendition of *French v. French,* counsel, relying on that decision, have often failed to list nonvested pension rights as among the community assets of the marriage. In some cases the inability of the nonemployee spouse to assert an interest in nonvested pension rights may have induced the court to award additional alimony. Yet under settled principles of California community property law, 'property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile.' [Citation.] Consequently full retroactivity poses the danger that a nonemployee spouse might upset a settled property distribution by a belated assertion of an interest as a tenant in common in the employee's nonvested pension rights." (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 850-851.)

Whether the 1968 "nonvested" pension rights were a bargaining counter in the division of property actually made or may have induced Mr. Bodle to agree to a larger alimony or child support award does not appear. We are certain the pension rights were not mentioned in the pleadings and were left unadjudicated by the decree of divorce. Further, the language of *Brown,* "or if in such adjudication the trial court has expressly reserved jurisdiction to divide pensions," may exempt from the nonretroactivity rule either a general or specific express reservation of jurisdiction in a court of competent jurisdiction over pension rights.

However, we are not required to rely upon an interpretation of the language of *Brown* to arrive at the conclusion the Bodle pension rights are yet subject to Mrs. Bodle's claim. These parties, with the aid of their respective attorneys, chose language they deemed appropriate to reserve for future disposition their "property" rights not mentioned in their agreement; thereupon contractual rights and obligations vested in these parties.

Long ago, in *McCracken* v. *Hayward,* 43 U.S. (2 How.) 608, 611 [11 L.Ed. 397, 398-399], the United States Supreme Court enunciated these fundamentals: " 'The obligation of a contract,' said the Court, 'consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party and the right acquired by the other. There can be no other standard by which to ascertain the extent of either than that which the terms of the contract indicate, according to their settled legal meaning; when it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. . . .' " (Cited with approval in *McCauley* v. *Brooks,* 16 Cal. 11, 31-32.)

■ It is axiomatic that this court is required to construe and to enforce a lawful contract in accordance with the disclosed intent of the parties. To that end we must seek the intent of the Bodles in paragraph five of their agreement with these familiar rules of construction in mind. The contract must be construed as a whole; detached words or clauses standing alone are not controlling on the question of interpretations. Each must be viewed in relation to the agreement as an entity. (Civ. Code, § 1641.)

■ Applicable law becomes part of the contract as fully as if incorporated by reference. (*Calpetro P. Syndicate* v. *C. M. Woods Co.,* 206 Cal. 246, 254 [274 P. 65].) ■ Where a formal contract has been prepared by persons learned in the law, the words should be given their ordinary legal significance. (*Miller* v. *Weller,* 288 F.2d 438 (cert. den., 368 U.S. 829 [7 L.Ed.2d 32, 82 S.Ct. 51]).)

■ The language of paragraph five is, in pertinent part: "If it shall hereafter be determined by a Court of competent jurisdiction that either of us is now possessed of any property not set forth above . . . each of us hereby covenants and agrees to pay to the other on demand an amount equal to one-half of the fair market value of such property."

The law in existence at the time the Bodles' contract is evidenced by a long, unbroken line of decisions correctly defining the point at which a pension right becomes a property interest.

In *O'Dea* v. *Cook* (1917) 176 Cal. 659, 661-662 [169 P. 366], the Supreme Court stated: ". . . pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the contract of employment itself. [Citations.]"

*Aitken* v. *Roche,* 48 Cal.App. 753, 755 [192 P. 464], held: ". . . the right to pension is a vested one, . . . it enters into the contract of employment when a man enters the police department. [Citation.]"

In *Dryden* v. *Board of Pension Commrs.,* 6 Cal.2d 575, 579 [59 P.2d 104], the Supreme Court stated: "It has been clearly held that the pension provisions of the city charter are an integral portion of the contemplated compensation set forth in the contract of employment between the city and a member of the police department, and are an indispensable part of that contract, and that the right to a pension becomes a vested one upon acceptance of employment by an applicant. [Citation.]"

In *Kern* v. *City of Long Beach,* 29 Cal.2d 848 [179 P.2d 799], "nonvested" pension rights were in issue. Kern asserted the city's repeal of a pension plan was an unconstitutional impairment of contract. The Supreme Court stated at page 855: "In so far as the time of vesting is concerned, there is little reason to make a distinction between the periods before and after the pension payments are due. It is true that an employee does not earn the right to a full pension until he has completed the prescribed period of service, but he has actually earned some pension rights as soon as he has performed substantial services for his employer. [Citations.]" And said further: "While payment of these benefits is deferred, and is subject to the condition that the employee continue to serve for the period required by the statute, the mere fact that performance is in whole or in part dependent upon certain contingencies does not prevent a contract from arising, and the employing governmental body may not deny or impair the contingent liability any more than it can refuse to make the salary payments which are immediately due. Clearly, it cannot do so after all the contingencies have happened, and in our opinion it cannot do so at any time after a contractual duty to make salary payments has arisen, since a part of the compensation which that employee has at that time earned consists of his pension rights." (*Kern* v. *City of Long Beach, supra,* 29 Cal.2d 848, 855.) And: "Accordingly, we conclude that [Kern] has a vested pension right and that respondent city, by completely repealing all pension provisions, has attempted to impair

its contractual obligations. This it may not constitutionally do, . . ." (*Id.* at p. 856.)

In *Adler* v. *City of Pasadena,* 57 Cal.2d 609, 614 [21 Cal.Rptr. 579, 371 P.2d 315], a city employee's pension rights were again in issue. Said the Supreme Court: "This court has repeatedly declared—and it must be respected as established law—that an employee's right to be protected against unreasonable modifications of a pension system is a 'vested *contractual*' right. [Citations.]"

The Court of Appeal in *Hunter* v. *Sparling,* 87 Cal.App.2d 711 [197 P.2d 807], relying upon *Kern,* concluded that once the employee performed services in reliance upon the promised pension he could enforce his pension rights under traditional contract law principals: "It has consistently been held that a public pension is not a gratuity, but, after the services have been performed, is a vested contract right of the employee." (*Id.* at p. 722.)

In *In re Marriage of Brown, supra,* 15 Cal.3d 838, the Supreme Court stated at page 845: "Although some jurisdictions classify retirement pensions as gratuities, it has long been settled that under California law such benefits 'do not derive from the beneficence of the employer, but are properly part of the consideration earned by the employee.' [Citation.] Since pension benefits represent a form of deferred compensation for services rendered [citation], the employee's right to such benefits is a contractual right, derived from the terms of the employment contract. Since a contractual right is not an expectancy but a chose in action, a form of property [citations], we held in *Dryden* v. *Board of Pension Commrs., supra,* 6 Cal.2d 575, 579, *that an employee acquires a property right to pension benefits when he enters upon the performance of his employment contract.*" (Italics added.) And further stated at page 846: "In subsequent years the courts have repeatedly reaffirmed that a *nonvested pension right is nonetheless a contractual right, and thus a property right.*" (Italics added.) (See also *Miller* v. *State of California,* 18 Cal.3d 808, 815 [135 Cal.Rptr. 386, 557 P.2d 970]; *In re Marriage of Mueller,* 70 Cal.App.3d 66, 70, fn. 1 [137 Cal.Rptr. 129].)

These "contractual," "property" rights of the Bodles may not be impaired lest a constitutional nerve be touched. ■ As was stated in *Bradley* v. *Superior Court,* 48 Cal.2d 509, 519 [310 P.2d 634]: "Neither the court nor the Legislature may impair the obligation of a valid contract

[citation] and a court cannot lawfully disregard the provisions of such contracts or deny to either party his rights thereunder. [Citations.]"

The authorities reviewed compel this conclusion: Mr. Bodle's military pension rights in 1968 were "contractual," "property" rights. The words "any property" include within their ambit the military pension rights here in issue. This court, as well as the court below, is required to enforce the rights created in accord with the plain meaning of the words used. To refuse enforcement would "impair" an obligation of contract.

Mrs. Bodle sought to establish her rights to the military pension in an order to show cause proceeding brought as a continuation of the 1968 divorce proceedings. The trial court was without jurisdiction to consider such claim for these reasons: the judgment in the 1968 Bodle divorce is long since final; Mrs. Bodle's action is not to reopen or set aside that judgment. Secondly, where, as here, the property right was not mentioned in the pleadings and was left unadjudicated by the decree of divorce it remained subject to future litigations; the parties are tenants in common. (*In re Marriage of Cobb,* 68 Cal.App.3d 855, 860, fn. 1 [137 Cal.Rptr. 670] and cases cited.)

In such circumstances the trial court was without jurisdiction to consider her claim in the modification proceeding. The pension rights must be adjudicated in a separate independent action.

Judgment affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied January 27, 1978, and respondent's petition for a hearing by the Supreme Court was denied March 9, 1978.