[Civ. No. 16475. Third Dist. Mar. 10, 1978.]

EMMA KINGSBURY, Plaintiff and Appellant, v.
TEVCO, INC., et al., Defendants and Respondents.

## COUNSEL

Milton L. McGhee and Richard Keith Corbin for Plaintiff and Appellant.

Elliot D. Pearl and Franklin G. Gumpert for Defendants and Respondents.

## OPINION

**REGAN, J.**—The trial court sustained, without leave to amend, a general demurrer to plaintiff's first amended complaint.

The complaint is based upon an alleged erroneous survey made pursuant to the order of the court and "the agreement of the parties" by Tevco, acting by and through defendant Roecker, in a previous action in superior court captioned Russell R. Ford v. Emma J. Kingsbury, No. 210857, seeking an injunction against plaintiff here and involving a boundary line dispute. The court, after a trial, rendered judgment that the Tevco survey was true and correct and marked the boundary line between the litigants contiguous lands. The judgment enjoined plaintiff Kingsbury from encroaching on the Ford land.

In the action before us on appeal, one of the allegations in the complaint is that at the time Arthur Roecker was making the survey for the court in the earlier boundary dispute case plaintiff herein "verbally informed him of the error he was making . . . but the said Arthur Roecker refused to change his survey . . . and verbally advised plaintiff that his concern was to make a survey according to the wishes of defendant RUSSELL R. FORD."

Defendants state the demurrer was properly sustained as plaintiff cannot state a cause of action and that no amendment to the complaint would allow plaintiff relief under any legal or equitable theory.

Plaintiff contends the first cause of action does not speak exclusively in tort, but states facts sufficient to indicate that she is entitled to relief on *some* theory, hence, sustaining the demurrer to the first amended complaint without leave to amend was improper.

It is true, as argued by plaintiff, that the form of action is immaterial if a plaintiff has stated facts showing an entitlement to relief in law or equity. (See, e.g., *Lacy* v. *Laurentide Finance Corp.* (1972) 28 Cal.App.3d 251, 257-258 [104 Cal.Rptr. 547]; *Jaffe* v. *Carroll* (1973) 35 Cal.App.3d 53, 57 [110 Cal.Rptr. 435].) ■ However, plaintiff's argument that all the elements of a cause of action based on breach of contract are present in the first cause of action as against the defendants (Tevco, Inc., and Roecker) is not well taken. Contrary to plaintiff's assertions on appeal, the complaint shows no agreement between plaintiff and defendants to make a survey. It was made by order of the court, which commissioned defendant Tevco, Inc., to make a survey to establish the true and correct boundary, and for use of the court. The fact that the parties consented to the selection of these particular surveyors does not make for privity of contract, nor does the fact that plaintiff was subsequently ordered to pay the $400 fee for the survey.

■ Neither does the first cause of action state facts for relief based on the equitable principle of extrinsic fraud or mistake, as argued by plaintiff. She relies on the allegation, which we have set forth above, that she told Arthur Roecker he was making an error but he refused to listen to her and said he was concerned with making a survey in accordance with the wishes of Russell R. Ford. This alleged statement was made by Roecker before the end of the trial in the first case and plaintiff herein (who was defendant in that trial) had ample opportunity to bring this matter to the full attention of the trial court at the earlier trial. (See Evid. Code, § 732.) If she did so, the court was apparently not impressed with her position, and she did not appeal. Even if she did not bring the matter of the alleged improperly conducted survey to the attention of the trial court, she could have done so, and she may not use it now in a new case to collaterally attack the judgment. She has in fact run afoul of the doctrine of collateral estoppel in connection with the first cause of action, whether looked upon as sounding in the tort of negligence or some more esoteric theory of equitable relief based on extrinsic fraud or mistake. In the original action she had the opportunity to show negligence, fraud, deceit or mistake as to the survey. There was a final judgment on the merits of the matter of the proper boundary line. This judgment, based as it was, in whole or in large part, upon the accuracy and validity of the

survey made by defendants Tevco, Inc., and Roecker, carried implicit findings that the survey was neither negligently, fraudulently, deceitfully nor mistakenly made. (See *Price* v. *Sixth District Agricultural Assn.* (1927) 201 Cal. 502, 511 [258 P. 387]; *Sutphin* v. *Speik* (1940) 15 Cal.2d 195, 202 [99 P.2d 652]; *Pacific Mut. Life Ins. Co.* v. *McConnell* (1955) 44 Cal.2d 715, 724 [285 P.2d 636].) ■ Collateral estoppel will apply as to all issues which were in an earlier case " '. . . *even though some factual matters or legal arguments which could have been presented were not.*' " (Original italics.) (*Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 429 [95 Cal.Rptr. 860]; see also *Kronkright* v. *Gardner* (1973) 31 Cal.App.3d 214, 216-217 [107 Cal.Rptr. 270]; *Kelley* v. *Kelley* (1977) 73 Cal.App.3d 672, 677 [141 Cal.Rptr. 33].)

■ Moreover, both as to the first cause of action (negligence) and as to the second cause of action (slander of title) it would be essential for plaintiff to prove that the survey line was incorrect. If it were correct, there could, ipso facto, have been neither negligence not slander of title in filing the (allegedly) incorrect survey. The survey (boundary) was plainly an issue of fact *actually* litigated in the prior action. It follows that the collateral estoppel rule we have been discussing, which is an aspect of the doctrine of res judicata or estoppel by judgment, is a bar. (See *Todhunter* v. *Smith* (1934) 219 Cal. 690, 695 [28 P.2d 916]; see generally 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 197, pp. 3335-3336; Rest., Judgments, § 68.)

With respect to the statutes of limitations as to both causes of action, it is unnecessary for us to decide whether either is barred by such statutes. The trial court's ruling sustaining the demurrer that the first amended complaint failed to state facts sufficient to constitute a cause of action for which relief can be granted was sound (Code Civ. Proc., § 430.10) and, by stating the ground, the trial court complied with section 472d of the Code of Civil Procedure. The courts have made it clear that any proper and sufficient ground properly stated is enough. (See *Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 225 [36 Cal.Rptr. 537].)

■ A judgment of dismissal based on the sustaining of a demurrer without leave to amend brings into play the exercise of judicial discretion and is tested on appeal by the question of abuse of such discretion. A general demurrer may be sustained without leave to amend where it is probable from the nature of the complaint and the previous unsuccessful attempt to plead that the plaintiff cannot state a cause of action. To do so

does not constitute an abuse of discretion. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 847, 848, pp. 2451-2452.) This is such a case.

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 25, 1978.