Opinion
 

 GARDNER, P. J.
 

 In this case we note an irreconcilable difference between two opinions of the Court of Appeal. We follow one and suggest to the loser in this case that he file a petition in the Supreme Court to
 
 *978
 
 allow that court to settle the conflict. (Cal. Rules of Court, rule 29(a).) The embarrassing aspect of this case is that in so doing we part company with our brethren in the First Division of this court, a practice frowned upon in some circles. (E.g.
 
 People
 
 v.
 
 Creighton,
 
 57 Cal.App.3d 314, 324 [129 Cal.Rptr. 249].)
 

 The issue is really quite simple. Does a wife’s failure to assert a claim for her community property interest in her husband’s military retirement pay at the time of dissolution proceedings bar her from asserting such a claim at a later date.
 
 Kelley
 
 v.
 
 Kelley,
 
 73 Cal.App.3d 672 [141 Cal.Rptr. 33] (no petn. for hg.), held that, based on the doctrine of res judicata, she was barred.
 
 Lewis
 
 v.
 
 Superior Court,
 
 77 Cal.App.3d 844 [144 Cal.Rptr. 1] (hg. den.), held that she was not. We find
 
 Lewis
 
 persuasive and choose to follow it. Since the issue is analyzed at length in those cases and since the Supreme Court probably doesn’t care a hang about our views on the subject, we will but briefly set forth the facts and the issues and submit it without extended analysis.
 

 The parties were married on November 13, 1950, approximately one year after Walter entered the Armed Forces of the United States. He retired from the service during 1968 or 1969 and began receiving military retirement payments which he will continue to receive until his death.
 

 On August 27, 1971, Walter filed a petition for dissolution of marriage. Various items of community property were listed in the petition.
 

 In the interlocutory judgment of dissolution of marriage, entered on May 17, 1972, the listed community property was divided equally between the parties. Walter’s military retirement payments were not listed in the petition or in Gleda’s response. Gleda was not aware the military retirement payments were community property.
 

 On January 23, 1973, a final judgment of dissolution of marriage was entered.
 

 Wife filed an action for her one-half of the retirement benefits. The lower court, relying on
 
 Kelley,
 
 sustained a demurrer without leave to amend. We reverse.
 

 The general rule is that property not mentioned in the pleadings as community property which is left unadjudicated in a dissolution proceeding is subject to further litigation, the parties being tenants in
 
 *979
 
 common meanwhile.
 
 (In re Marriage of Brown,
 
 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561];
 
 Estate of Williams,
 
 36 Cal.2d 289 [223 P.2d 248, 22 A.L.R.2d 716];
 
 Tarien
 
 v.
 
 Katz,
 
 216 Cal. 554 [15 P.2d 493, 85 A.L.R. 334];
 
 Lewis
 
 v.
 
 Superior Court, supra,
 
 77 Cal.App.3d 844;
 
 In re Marriage of Cobb,
 
 68 Cal.App.3d 855 [137 Cal.Rptr. 670];
 
 In re Marriage of Elkins,
 
 28 Cal.App.3d 899 [105 Cal.Rptr. 59];
 
 McBride
 
 v.
 
 McBride,
 
 11 Cal.App.2d 521 [54 P.2d 480].)
 

 However, in
 
 Kelley
 
 v.
 
 Kelley, supra,
 
 73 Cal.App.3d 672, the court held to the contrary on grounds of res judicata. In that case, husband and wife were married shortly before husband entered the Marine Corps. Nineteen years later, just before husband retired from the military and began receiving military retirement benefits, the parties filed a marital agreement that failed to mention the retirement pay. The interlocutory judgment of dissolution of marriage approved the marital settlement agreement and a final judgment of dissolution was subsequently entered. The court held that where (1) there is a material vested right to community property retirement pay, (2) there is no evidence of extrinsic fraud or mistake, and (3) the wife failed to assert a claim for her community property interest in the pay at the time of the dissolution proceeding, she is barred from later asserting such claim by the doctrine of res judicata. In so holding,
 
 Kelley
 
 relied on
 
 Sutphin
 
 v.
 
 Speik,
 
 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497] and
 
 Avery
 
 v.
 
 Avery,
 
 10 Cal.App.3d 525 [89 Cal.Rptr. 195].
 

 Then along came
 
 Lewis.
 
 In
 
 Lewis,
 
 plaintiff brought an action for legal malpractice based on her attorney’s failure to claim her husband’s military retirement benefits as community property in her complaint for divorce. The Court of Appeal denied defendant’s petition for writ of mandate to compel entry of summary judgment. The court held that when the superior court divides some community property in a dissolution proceeding but fails to consider other property, the property not considered is subject to a subsequent suit and the parties remain tenants in common as to that property. The court reasoned that the wife’s one-half interest in the militaiy retirement benefits arose during the marriage and the judgment in the dissolution proceeding did not terminate the wife’s interest. The court stated in footnote 2, at page 852, that it disagreed with the rule in the
 
 Kelley
 
 case.
 

 Thus, the issues are clearly defined. The positions of
 
 Lewis
 
 and
 
 Kelley
 
 are irreconcilable.
 

 
 *980
 
 The parties remain tenants in common to such unadjudicated property.”
 
 [1]
 

 Judgment reversed.
 

 Tamura, J., and Morris, J., concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied September 14, 1978.
 

 [1]
 

 It is obvious that the principles of estoppel may come into play in these situations. However, in this case, the court expressly based its ruling on res judicata, citing
 
 Kelley.