[Civ. No. 16815. Fourth Dist., Div. One. Nov. 21, 1978.]

RUBY FAYE SANGIOLO, Plaintiff and Appellant, v.
LEO GEORGE SANGIOLO, Defendant and Respondent.

## COUNSEL

John C. Casey for Plaintiff and Appellant.

Mathews, Bergen, Vodicka & Potash and Howard K. Potash for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Ruby Faye Sangiolo appeals the judgment dismissing her complaint after the demurrer by her former husband, Leo George, was sustained without leave to amend.

■ Interlocutory and final judgments dissolving the couple's marriage had been entered in October 1970. At that time Leo was on active duty with the Navy, having accrued 25 years, 8 months of service. Both parties knew of these vested retirement benefits. However, at the time of dissolution there was substantial uncertainty with regard to whether federal military pensions were community property (*Smith* v. *Lewis,* 13 Cal.3d 349, 357 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231] disapproved on other grounds in *In re Marriage of Brown,* 15 Cal.3d 838, 851, fn. 14 [126 Cal.Rptr. 633, 544 P.2d 561]). No reference was made to the retirement benefits in the pleading or in the dissolution decree. On March 10, 1977, Ruby filed a complaint for partition and accounting on the basis 251/360 of the retirement was community property, now held as tenants in common.

An asset omitted from pleadings and the decree is subject to future litigation in an independent action (*In re Marriage of Cobb,* 68 Cal.App.3d 855, 860, fn. 1 [137 Cal.Rptr. 670]). Here Ruby in her petition said there was "additional community property . . . the exact nature . . . of which . . . [was] unknown [to her] and . . . [she asked] leave . . . to amend . . . when it . . . [was] ascertained." It was not until 1972 and 1974 that it became clear that military retirement was community property. (*In re Marriage of Karlin,* 24 Cal.App.3d 25, 31 [101 Cal.Rptr. 240] disapproved on other grounds in *In re Marriage of Brown, supra,* 15 Cal.3d 838, 851 fn. 14; *In re Marriage of Fithian,* 10 Cal.3d 592, 604 [111 Cal.Rptr. 369, 517 P.2d 449] disapproved on other grounds in *In re Marriage of Brown, supra,* at pp. 838, 851 fn. 14.) At this point what both parties had thought was separate property became known to be community property. Ruby had an ownership interest in it which she now properly seeks to claim in an independent action for partition. However, there may be successful defenses to such an action.

The statute of limitations, laches and res judicata raised by Leo as defenses, were the basis for the demurrer being sustained. We examine each in turn.

■ The complaint is for partition and accounting. There is no statute of limitations for this cause of action. (See *Adams* v. *Hopkins,* 144 Cal. 19, 27 [77 P. 712].) It is no defense.

■ Leo argues the doctrine of res judicata must apply because the retirement benefits could have been adjudicated in the initial dissolution proceedings. However, Ruby tried to preserve her rights to community

assets with the caveat in her petition regarding additional items. The court was never made aware of these benefits; the court divided the property and, absent a written agreement, it was obligated to divide it equally (Civ. Code, § 4800). Not knowing of the community retirement benefits the court could not carry out this duty. Once the community nature of the property is established, then unless there is a written agreement or an oral stipulation in open court, it must be divided equally between the parties. Under these circumstances res judicata cannot apply (see *In re Marriage of Elkins,* 28 Cal.App.3d 899, 903-904 [105 Cal.Rptr. 59]; *Lewis* v. *Superior Court,* 77 Cal.App.3d 844, 851 [144 Cal.Rptr. 1]).

■ For laches to be a successful defense there must have been unreasonable delay and prejudice to the defendant caused by that delay (30 Cal.Jur.3d at p. 487). For a demurrer to be sustained both the delay and the injury must be disclosed in the complaint (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 813). Here Ruby claims that Leo retired on August 1, 1973; she does not tell us when she learned of her rights; she filed suit March 10, 1977; there is no suggestion whatever delay occurred would injure Leo. Under these circumstances it is improper to sustain a demurrer on the basis of laches. Rather, any prejudice should be raised in the answer and the issue determined at trial.

The judgment is reversed.

Cologne, J., and Wiener, J., concurred.

A petition for a rehearing was denied December 21, 1978, and respondent's petition for a hearing by the Supreme Court was denied January 17, 1979.