[Civ. No. 16973. Fourth Dist., Div. One. Mar. 23, 1979.]

ROSALYN S. FENN, Plaintiff and Appellant, v.
WILLIAM S. HARRIS et al., Defendants and Respondents.

COUNSEL

Russell G. Bankes and Russell S. Balisok for Plaintiff and Appellant.

Holt, Rhoades & Hollywood, David W. Ault and James Gorman as Amici Curiae on behalf of Plaintiff and Appellant.

Stanley L. Smith for Defendants and Respondents.

OPINION

EHRENFREUND, J.*—Rosalyn S. Fenn appeals the order granting summary judgment on the basis of res judicata to William S. Harris. The parties were married in 1947, a marriage which was dissolved in 1969. The community property was divided pursuant to a property settlement agreement incorporated into the dissolution judgment. The parties were

*Assigned by the Chairperson of the Judicial Council.

aware of but did not include as property: (1) Harris' vested, matured military pension and (2) Harris' unvested state retirement benefits. At the time of the dissolution there was substantial uncertainty regarding whether property of either type was community property. With regard to property not included in the settlement the agreement provides: "Each of us hereby warrants to the other that neither of us is now possessed of any property of any kind or description whatever other than the property specifically listed in this agreement, and that neither of us has made, without the knowledge and consent of the other, any gift or transfer of any community property within the period of the Statute of Limitations. If it shall hereafter be determined by a Court of competent jurisdiction that either of us is now possessed of any property not set forth above or that one of us has made without the consent of the other, any gift or transfer of community property other than as set forth above, each of us hereby covenants and agrees to pay to the other on demand an amount equal to one-half of the fair market value of such property." In 1977 Fenn filed this action to partition the two assets and summary judgment was granted against her, based on res judicata, citing *Kelley* v. *Kelley* (1977) 73 Cal.App.3d 672 [141 Cal.Rptr. 33].

■ The trial court's reliance on *Kelley* is misplaced. In *Kelley*, the wife knew of the existence of the military retirement benefits at the time of the settlement. At that time military retirement benefits had been legally declared community property and she made a mistake at law in not including them. By contrast, when the Fenn-Harris property agreement was drawn up, it had not been legally declared that vested military retirement benefits were community property (*In re Marriage of Karlin* (1972) 24 Cal.App.3d 25 [101 Cal.Rptr. 240], overruled on other grounds in *In re Marriage of Brown* (1976) 15 Cal.3d 838, 851 [126 Cal.Rptr. 633, 544 P.2d 561]) or that unvested retirement benefits were community property (*In re Marriage of Brown, supra,* 15 Cal.3d 838). Thus at the time, there was no reason to think these were assets to be included in the property division. In *Kelley* the wife represented to the court in her financial declaration all the property had been disposed of by written agreement between the parties. (See *Maxwell* v. *Maxwell* (1944) 66 Cal.App.2d 549, 551 [152 P.2d 530].) In contrast, the settlement here expressly reserved the right to dispose of community property rights not mentioned in the agreement at a later date. Because of a change in the law, pension benefits which were not community property assets at the time of dissolution became property rights subject to division. Under case law (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 851; *Sangiolo* v. *Sangiolo* (1978) 87 Cal.App.3d 511, 514 [151 Cal.Rptr. 27]) or under

general contract principles, it is proper to divide these assets belatedly (*Bodle* v. *Bodle* (1978) 76 Cal.App.3d 758, 763, 766 [143 Cal.Rptr. 115]). Res judicata does not apply.

The order for summary judgment is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.