[Civ. No. 18572. Fourth Dist., Div. One. Feb. 22, 1980.].

In re the Marriage of MARION and ROBERT JOHN SMETHURST.
MARION SMETHURST, Appellant, v.
ROBERT JOHN SMETHURST, Respondent.

**COUNSEL**

Daubney & Banche and William Henry Daubney for Appellant.

Ramon D. Asedo and Asedo & McCarthy for Respondent.

OPINION

WIENER, J.—The muddy legal waters of missed pension plans in marital dissolution cases are clearing. ■ We now know that res judicata and collateral estoppel do not apply where the omitted pension rights were vested and matured at the time of dissolution of the marriage. (*Henn v. Henn* (1980) 26 Cal.3d 323, 329-331 [161 Cal.Rptr. 502, 605 P.2d 10].) Presumably, the same rule would apply where the pension rights were vested only but not matured.[1] We also know where the pension rights were nonvested at dissolution (see fn. 1 below) the limited retroactivity of *In re Marriage of Brown* (1976) 15 Cal.3d 838, 850-851 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164], still applies. (*Henn v. Henn, supra,* at pp. 328-329.)

Marion Smethurst filed an independent action in 1976 seeking her share of military retirement benefits paid to her former husband. Their interlocutory judgment, obtained in October 1974, made no mention of the benefits.

To the extent the court sustained defendant's demurrer without leave to amend on the basis of res judicata relying on *Kelley v. Kelley* (1977) 73 Cal.App.3d 672 [141 Cal.Rptr. 33], it prejudicially erred. *Kelley,* on this issue, has been disapproved. (*Henn v. Henn, supra,* at p. 331, fn. 6.) If the court relied on the limited retroactivity of *Brown* because defendant's military pension rights were nonvested within the meaning of *Brown,* this finding is not supported by the record. The complaint neither mentions the branch of service from which defendant retired nor his length of service. Even if defendant were in the service less than 20 years and ineligible for longevity retirement, it is unknown at this stage of the proceedings whether his benefits were transferrable to other employment. Although matters judicially noticed may be considered in construing the pleadings (Code Civ. Proc., § 430.30, subd. (a)), this re-

---

[1]In dissolution cases, "vested" means "a pension right which survives the discharge or voluntary termination of the employee." "Matured" means an "unconditional right to immediate payment." (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 842 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].)

cord is inadequate to determine the status of defendant's pension rights at the time of the dissolution hearing.[2]

■ In ruling on a demurrer, the allegations must be liberally construed with a view to substantial justice. (*King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) Generally, it is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. (*Temescal Water Co.* v. *Dept. Public Works* (1955) 44 Cal.2d 90, 102 [280 P.2d 1].)

■ The interlocutory judgment, in addition to the usual provisions covering support and property, provided: "Each party represents to the other party that there is no property of any nature known to the party, other than that listed herein, having a value in excess of Five Hundred Dollars ($500.00)."

This paragraph is similar to the boilerplate warranty provision in *Bodle* v. *Bodle, supra,* 76 Cal.App.3d 758, 761-762 (see 2 Cal. Family Lawyer (Cont.Ed.Bar 1963) § 26.31, pp. 1192-1193), except here the paragraph does not limit the rights of the aggrieved spouse to only one-half the omitted property. This provision guarantees to each spouse the right to seek redress from the other where there is additional property. As a catch-all paragraph it is frequently used as an expeditious, but preventive technique by attorneys stipulating to the various provisions of an interlocutory judgment to assure continuing access to the court in

---

[2]Because the disposition of this case rests on other grounds, we do not wish to belabor what may well be apparent to both court and counsel. We note, however, there is a tendency to apply the limited retroactivity of *Brown* to cases in which the retirement benefits have vested. (See, e.g., coms. in 3 Cal. Fam. L. Rep. (Sept. 10, 1979) No. 19, pp. 1185-1186.) The comments in *Brown* relating to limited retroactivity (pp. 350-351) apply solely to nonvested pension rights. All the cases discussing the application of res judicata or collateral estoppel involve vested pension rights. (See *Bensing* v. *Bensing* (1972) 25 Cal.App.3d 889, 891-892 [102 Cal.Rptr. 255] [vested]; *In re Marriage of Cobb* (1977) 68 Cal.App.3d 855, 859 [137 Cal.Rptr. 670] [vested and matured]; *Irwin* v. *Irwin* (1977) 69 Cal.App.3d 317, 319 [138 Cal.Rptr. 9] [vested]; *Kelley* v. *Kelley, supra,* 73 Cal.App.3d 675 [vested and matured]; *Bodle* v. *Bodle* (1978) 76 Cal.App.3d 758, 761 [143 Cal.Rptr. 115] [vested and matured]; *Bridges* v. *Bridges* (1978) 82 Cal. App.3d 976, 978 [147 Cal.Rptr. 471] [vested and matured]; *In re Marriage of Borges* (1978) 83 Cal.App.3d 771, 774 [148 Cal.Rptr. 118] [vested]; *Sangiolo* v. *Sangiolo* (1978) 87 Cal.App.3d 511, 513 [151 Cal.Rptr. 27] [vested and matured]; *Gorman* v. *Gorman* (1979) 90 Cal.App.3d 454, 457 [153 Cal.Rptr. 479] [vested and matured]; *Fenn* v. *Harris* (1979) 91 Cal.App.3d 772, 774 [154 Cal.Rptr. 21] [vested and matured]; *In re Marriage of Snyder* (1979) 95 Cal.App.3d 636, 638 [157 Cal.Rptr. 196] [vested and matured].)

those cases where the division of property is either intentionally or inadvertently incomplete. The parties, through their counsel, selected the term "property." They elected not to define or clarify it further. Thus any property, including defendant's nonvested or vested pension rights if greater in value than $500, was subject to further litigation.

Plaintiff concedes there are matters of form which should properly be corrected in an amended pleading.

The judgment of dismissal is reversed. Upon remand, the court shall overrule defendant's demurrer and grant plaintiff leave to amend her complaint.

Cologne, Acting P. J., and Henderson, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.