[Civ. No. 22421. Fourth Dist., Div. One. Mar. 16, 1981.]

EVELYN D. MILLER, Plaintiff and Appellant, v.
BRUCE T. MILLER, Defendant and Respondent.

**COUNSEL**

Olins, Foerster & Siegel and Barrett J. Foerster for Plaintiff and Appellant.

Schroeder & McElroy and James E. McElroy for Defendant and Respondent.

Opinion

STANIFORTH, J.—Plaintiff Evelyn D. Miller's action sought partition of the United States Navy retirement benefits received by her former husband, defendant Bruce T. Miller, and a declaration that she (Evelyn) had a past, present and future tenancy in the common interest in the navy retirement benefits. The trial judge did not have the benefit of the Supreme Court decision in *Henn v. Henn* (1980) 26 Cal.3d 323 [161 Cal.Rptr. 502, 605 P.2d 10], followed the reasoning of *Kelley v. Kelley* (1977) 73 Cal.App.3d 672 [141 Cal.Rptr. 33], and granted a motion for nonsuit against Evelyn. The trial court stated "the only real issue here is whether or not the party, or that party's counsel knew that community property included an interest in the military retirement benefit at the time when some action might have been taken in respect to it." The issue of Mrs. Miller's community property rights in the military pension was not raised during the dissolution proceedings, was not a contested matter in the proceedings and was not disposed of by the decree. The trial court concluded the doctrine of res judicata applied to this action for the partition of the military pension and granted the judgment of nonsuit.

FACTS

These parties were married in 1952 and separated in April 1971. During the entire period of their marriage until January of 1969, Mr. Miller served on active duty with the United States Navy. He retired in January of 1969, therefore the pension rights vested as that term is used in *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]. Mr. Miller received and continues to receive military retirement pay on a monthly basis. In June 1971, Mrs. Miller filed a petition for legal separation. In her petition no mention was made of the husband's military retirement pay. It was not listed as a community or separate property asset of either party. In August 1971 a final decree of separation was obtained and the community property was divided according to the terms of a stipulation and waiver agreed upon by the parties and filed in the court. In this agreement, neither party was awarded the military retirement pay.

In April 1972 the parties stipulated to set aside the previous judgment of separation to allow the husband to obtain a judgment dissolving their marriage. The parties incorporated the provisions of the previous appearance, stipulation and waiver into the interlocutory judgment of

dissolution. Again no reference was made to the military retirement pay in either the interlocutory or final judgments of dissolution. Mrs. Miller's dissolution proceedings attorney testified that whether the vested military pension benefits were community property was clearly not an arguable issue at the time the parties divided their community property and for that reason the issue was not raised or adjudicated in the earlier actions. Upon this factual base, the trial court granted the motion of nonsuit.

## DISCUSSION

### I

In *Henn v. Henn, supra*, 26 Cal.3d 323, the California Supreme Court has virtually eliminated res judicata as a defense to a later suit seeking partition of a community asset that was left undivided in the earlier action for dissolution. Said the court: "Under California law, a spouse's entitlement to a share of the community property arises at the time that the property is acquired. (Civ. Code, §§ 5107, 5108, 5110.) That interest is not altered except by judicial decree or an agreement between the parties. Hence 'under settled principles of California community property law, "property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile."' [Citations.] This rule applies to partial divisions of community property as well as divorces unaccompanied by any property adjudication whatsoever." (*Id.*, at p. 330.)

The facts of *Henn* are remarkably similar to the case at bench. The Henns were granted a final judgment of dissolution of the marriage on May 19, 1971. At that time the husband's federal military pension was known to exist by the wife but no determination was made with respect to it in the dissolution. When in 1973 Mr. Henn filed a motion to reduce the wife's support order, the wife moved for an order to show cause why the military pension should not be divided as community property. Two and one-half years later, she filed a complaint seeking a division of the community property portion of the husband's military pension benefits. The husband asserted the defense of res judicata based upon the final judgment of dissolution and the 1974 denial of the wife's motion for an order to show cause. The trial court entered judgment for the husband; the Supreme Court of California reversed, stating: "Since . . . the issue of Henry's military pension was not before the court

which issued the final decree, the judgment of that court cannot be said to have extinguished Helen's putative interest in that asset." (*Henn v. Henn, supra*, 26 Cal.3d 323, 330.)

The trial judge here relied heavily upon the res judicata analysis of *Kelley v. Kelley, supra*, 73 Cal.App.3d 672. However, the *Henn* case declared: "*Kelly* [*sic*] is disapproved to the extent that it stands for the proposition that any judicial division of community property necessarily precludes the subsequent litigation of community property rights in an asset known to exist at the time of the earlier proceedings, and which could have been adjudicated at that time." (*Henn v. Henn, supra*, at p. 331, fn. 6.)

■ The husband argues the matter was correctly decided upon the basis of res judicata. As a basis for this contention, the husband asserts the pension was mentioned in the stipulation that was incorporated in the final judgment and therefore he argues by this reference there was an adjudication of the rights in that pension property. It is true in the large number of cases which have held the doctrine of res judicata did not apply, there was no mention made of the retirement benefits. In *Sangiolo v. Sangiolo* (1978) 87 Cal.App.3d 511, 513 [151 Cal.Rptr. 27], there was no mention made of the retirement benefit in the pleadings or dissolution decree. In *Fenn v. Harris* (1979) 91 Cal.App.3d 772 [154 Cal.Rptr. 21], the court stated the parties were aware of but did not include Harris' vested, mature military pension as property. (*Id.*, at pp. 773-774.) In *Bodle v. Bodle* (1978) 76 Cal.App.3d 758 [143 Cal.Rptr. 115], the court wrote: "The retirement pension was not mentioned in the pleadings as community property nor was it listed as an asset in the agreement. The divorce record is silent as to its existence." (*Id.*, at p. 762.) The mention of the pension in the stipulation here was made in connection with spousal and child support payments, stating, the "sum . . . is based upon respondent's total gross earnings of approximately $1,300.00 (including monthly military pension)." A year later the spousal support was reduced, and six months later it was eliminated altogether. This reference made to the military pension in the stipulation cannot be regarded as an attempt to litigate their rights in this particular property. From the face of the stipulation we conclude the pension benefits were not contemplated by the parties as a divisible community asset; nor can we say from the record here made that the award of the pension to the husband was a consideration for Mrs. Miller's receiving higher support payments or a greater share of the community property. Thus the pension benefits were not mentioned,

placed in issue, or adjudicated, nor divided by the court or the parties so far as here made to appear. The partition action was properly the mode for determining the wife's rights. (*Bodle* v. *Bodle, supra*, 76 Cal.3d 758, 767; *In re Marriage of Cobb* (1977) 68 Cal.App.3d 855, 860, fn. 1 [137 Cal.Rptr. 670].) Thus the crucial question is whether the benefits were actually litigated and divided in the previous proceeding. (See *Henn* v. *Henn, supra*, 26 Cal.3d 323.) Here, although the pension was known to both parties, it was not awarded as an item of the marital community to one or the other of the parties.

Finally, the husband's reliance upon what he contends Mr. Harris (Mrs. Miller's lawyer in the divorce proceedings) knew or should have known at the time of the dissolution is irrelevant to these proceedings. This is not a case of malpractice; it is not an issue in this proceeding. Thus whether Mr. Harris knew or should have known about the Fourth District decision in *In re Marriage of Karlin* (1972) 24 Cal.App.3d 25 [101 Cal.Rptr. 240], before the dissolution is not critical to the resolution of the case here.

Judgment reversed.

Brown (Gerald), P. J., and Work, J., concurred.