Filed 8/27/14  Marriage of Andrews CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| In re the Marriage of KITO and ELADIA ANDREWS. | |
| KITO ANDREWS,<br><br>Appellant,<br><br>v.<br><br>ELADIA ANDREWS,<br><br>Respondent. | C073893<br><br>(Super. Ct. No. CVFL083136) |

Husband Kito Andrews appeals from postjudgment orders wherein the trial court found wife Eladia Andrews's retirement account was not a community asset omitted from the final judgment.  We conclude the trial court erred as a matter of law in ruling the retirement account was not an omitted asset and remand this matter for further proceedings.

1

BACKGROUND

A judgment dissolving the parties' marriage was entered on October 26, 2010. Incorporated into that judgment was a property order, in which the court found there was no community property to divide.

On July 31, 2012, husband filed a request for order from the trial court, asking the court to find wife intentionally failed to disclose her retirement account, a community asset, and to distribute that account accordingly. Husband also asked the trial court to award him Family Code section 271 sanctions, and order wife to pay his attorney fees, on the ground she breached her fiduciary duty to husband by failing to disclose a community asset.

On December 5, 2012, the trial court presided over a hearing at husband's request. At that hearing, the trial court heard testimony from husband and wife and considered documentary evidence each of them submitted. The minutes from that hearing indicate the court found husband "has the burden of proof as to the omitted asset. The burden of proof was not met therefore motion is denied. [¶] Court finds insufficient behavior for both request[s] for [Family Code section] 271 sanctions, [r]equest[s] for sanctions [are] denied. [¶] Respondent's request for Attorney fees is denied." That same language was later memorialized in formal findings and orders.

Husband appeals from those orders.

Included in the record on appeal is an "Agreed Upon Statement" executed by husband and wife, which includes a brief summary of the parties' respective testimony. According to that statement, the parties agree the trial court found neither husband nor wife completed a disclosure. The court nevertheless found wife's retirement account was "disclosed" in a pay stub attached to wife's income and expense declaration, which was submitted on a separate motion for child support. Thus, the court concluded, the retirement account was not an omitted asset and neither party's conduct warranted sanctions.

2

DISCUSSION

Husband contends the trial court erred in finding wife's retirement account was disclosed and thus was not an omitted asset. We agree.

An omitted asset is "any community estate asset . . . omitted or not adjudicated by the judgment." (Fam. Code, § 2556; see *Miller v. Miller* (1981) 117 Cal.App.3d 366, 371 [community asset must be placed in issue, adjudicated, or divided by the court; otherwise it is an omitted asset subject to postjudgment distribution].) The record on appeal establishes unequivocally that wife's retirement account was not adjudicated in the judgment entered on October 26, 2010. It is therefore an omitted asset as a matter of law. The trial court nevertheless ruled the retirement account was not an omitted asset because, while it was not adjudicated in the judgment, it was otherwise disclosed.[1] There is no authority to support that ruling. We reverse the trial court's ruling in this regard.

Because we reverse the trial court's ruling and conclude the retirement account is, in fact, an omitted asset, we remand this matter to the trial court for further proceedings. Specifically, the trial court is directed to consider the retirement account in accordance with the statutory requirements and determine whether to divide the account and, if so, how the account should be divided. In so doing, the trial court also is directed to consider husband's request for sanctions and attorney fees, including but not limited to whether wife breached her fiduciary duty.

---

[1] Although we need not address the issue here, we question whether the revelation of wife's retirement account in a pay stub, attached to an income and expense declaration and filed in support of a separate child support case, constitutes "disclosure" as that term is used in the Family Code. Family Code section 2104 requires both parties to disclose their assets and liabilities in a preliminary declaration of disclosure, "on a form prescribed by the Judicial Council." (Fam. Code, § 2104; *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 335 [error to enter judgment if preliminary declarations were not exchanged and prejudice is proven].) That was not done here. Since husband did not file a preliminary declaration either, we do not decide whether this is a factor to be considered by the court on remand.

## DISPOSITION

The trial court's order that wife's retirement account was not an omitted asset is hereby reversed and the matter is remanded for further proceedings consistent with this opinion.  Husband shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


                                            HOCH    , J.


We concur:


    HULL   , Acting P. J.


    ROBIE   , J.

4